**STATE of Missouri, ex rel. Alexander Bayard CLARK, III, Relator,**

v.

**The Honorable John F. KINTZ, Judge of the Circuit Court of St. Louis County, Missouri, Respondent.**

No. 61289.

Missouri Court of Appeals, Eastern District, Division Three.

March 31, 1992.

**424**

Timothy Francis Noelker, St. Louis, for appellant.

Allan H. Zerman, Clayton, for respondent.

SATZ, Presiding Judge.

This is an action in prohibition. The underlying action is a continuation of a dissolution proceeding remanded to the trial court by this Court in *Clark v. Clark*, 801 S.W.2d 95 (Mo.App.1990). In the action now pending below, the respondent judge granted the wife's motion to compel the husband to respond to the wife's extensive requests for discovery.[1] The husband, relator here, seeks our writ to prohibit respondent from enforcing his order, on the ground the order exceeds this Court's man-

date in *Clark, supra*. We issued our preliminary writ and now make it permanent.

The detailed facts of the dissolution in issue are found in *Clark, supra*. A twenty year marriage which produced two children was dissolved. The wife appealed. This Court affirmed the trial court on all issues raised, except three: (1) maintenance, (2) custody and child support and, (3) division of marital property. The Court remanded the cause with specific directions for disposition of these issues on remand.

### Maintenance

In the prior proceeding, the trial court had awarded the wife rehabilitative maintenance for a period of three years. *Clark, supra* at 97. On appeal, this Court found this award to be "unsupported by substantial evidence", *Id.* at 98, reversed the "duration" of the award, *Id.*, and remanded the cause to the trial court with the direction to "review the amount of the award and its duration, if any." *Id.*

### Custody and Child Support

In the prior proceeding, the trial court had declined to award the custody of the oldest child, Alex, a college student, to either the wife or the husband, had not ordered the husband to continue to pay Alex's college expenses as the husband had been doing voluntarily, but had awarded the wife $200 per month as child support for the time Alex resided with her. *Id.*

On appeal, this Court found the $200 per month child support to be an abuse of discretion, reversed that award and, on remand, directed the trial court to enter an appropriate child support award. *Id.* In conjunction with that direction, the Court also ordered the trial court to award custody of Alex to either parent or both. *Id.* And, further, the Court directed the trial court to "adduce testimony concerning Alex's college costs and make an appropriate award." *Id.*

---

1. The wife's requests for discovery include a deposition of the husband, a three page *subpoena duces tecum* seeking the banking records of the husband from his bank, a formal request to the husband to bring to the deposition documents listed in 43 separate paragraphs, and 60 interrogatories, most of which contain a number of more specific interrogatories.

### Division of Marital Property

In the prior proceeding, the trial court divided all marital property. *Id.* at 99. In doing so, it awarded the marital home to the wife but "fashioned" its order "to encourage the sale of the ... home." *Id.* The home sold for $46,000 more than the value assigned to it by the trial court. *Id.*

On appeal, the wife contended the trial court failed to consider the capital gains tax she was required to pay on the proceeds of this sale, which, she contended, effectively reduced her property award. This Court agreed, noting that "no evidence [was] adduced at trial concerning [these] tax consequences ...", and, on remand, the Court directed the "trial court [to] ... reexamine the property award." *Id.*

### Present Action

To us, the opinion in *Clark* is clear. The Court did not transfer the cause back to the trial court for a new trial or a retrial of the issues of maintenance, custody, child support and marital property. If the Court wanted that, it would have said so. The Court simply defined narrowly designated issues and remanded the cause to the trial court to reconsider these issues on the record previously made plus the limited additional evidence necessitated by the reconsideration of those issues.

To comply with this Court's mandate, the only additional evidence needed is the cost of Alex's college expenses, the tax consequences resulting from the sale of the marital home and, perhaps, evidence showing whether the wife is capable of supporting herself, now and in the future. Once this evidence is adduced and added to the prior record, the trial court is to use this expanded record to determine an appropriate maintenance award for the wife, the child custody of Alex, an appropriate child support award to the wife if Alex is to reside with her when not at college, an appropriate obligation for the husband to pay toward Alex's college expenses, and an appropriate adjustment to the division of marital property. On remand, the trial court was given the authority to make any changes and adjustments to the prior decree necessitated by the limited additional evidence to be adduced.

However, wife argues that, on remand, the issues must be decided by the trial court on the facts established at the time of the rehearing. In support, the wife cites *In Re Marriage of Rickard,* 818 S.W.2d 711 (Mo.App.1991) (Rickard II). *Rickard II* is distinguishable.

*Rickard II* was a continuation of *Rickard v. Rickard,* 708 S.W.2d 344 (Mo.App. 1986). (Rickard I). In *Rickard I,* our colleagues in the Southern District affirmed that portion of the dissolution decree which dissolved the marriage; and, in all other respects, they reversed the decree and remanded the cause for retrial on the remaining issues. *Rickard I* at 345; *Rickard II* at 712. Here, as we have said, this Court did not remand the decree in *Clark* for retrial; rather, the Court remanded it for reconsideration of three specific, narrowly defined issues on an amplified record. *Clark* at 98–99.

The wife's logic allows this court no flexibility in fashioning its direction to a trial court on remand. To her, every remand of a dissolution decree requires a new, complete hearing on the merits. That strait jacket does not fit our appellate process.

There is no justification for the extensive discovery now requested by the wife, and, in turn, there is no justification for the wife to oppose the present writ. The trial court should take this lack of justification into consideration if the wife requests attorney's fees for processing her requests for discovery and opposing this writ.

For these reasons, we make our preliminary writ of prohibition permanent.

SMITH and AHRENS, JJ., concur.