**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION AT KNOXVILLE**

FILED

May 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CURTIS EUGENE BUNCH, | ) | ROANE GENERAL SESSIONS |
| | ) | |
| Plaintiff/Appellee | ) | NO.  03A01-9609-GS-00301 |
| | ) | |
| v. | ) | HON. THOMAS A. AUSTIN |
| | ) | JUDGE |
| SYNDIE TARENE MURPHY BUNCH, | ) | |
| | ) | AFFIRMED in part; |
| Defendant/Appellant | ) | REVERSED in part, and |
| | ) | REMANDED |

Charles H. Child and Wade H. Boswell, II, Knoxville, for Appellant.
Browder G. Williams, Harriman, for Appellee.

**O P I N I O N**

INMAN, Senior Judge

The issues propounded by *Wife*, the appellant, are (1) whether the marital assets were properly apportioned, (2) whether she was entitled to alimony, (3) whether she was entitled to attorney fees, and (4) whether child support was properly determined.

Our review is *de novo* on the record, accompanied by a presumption that the findings of fact of the trial court are correct unless the evidence otherwise preponderates.  RULE 13(d), TENN. R. APP. P.  There is no presumption of correctness with regard to the trial court's determination of questions of law.  *NCNB v. Thrailkill,* 856 S.W.2d 250, 153 (Tenn. App. 1993).

These parties were married in 1977.  They have two children, ages 16 and 11 at the time of the trial.  Wife is 37 and husband is 40 years of age.  At an earlier time in her history Wife suffered a debilitating mental illness, but she had fully recovered at the time of trial.

The marital asset with which we are chiefly concerned is a boat business known as Bunch Marine, a going concern established by Husband's grandfather, which he purchased in 1980 for $13,000.00.  This business is a sole proprietorship, with three

employees. Boat sales constitute the bulk of his business, and substantially all of his net profits. The evidence reflects that without Husband the business would founder.

Wife assisted with bookkeeping chores until late 1984, although she was employed full-time at Union Carbide. The evidence reflects that she complained volubly about doing the books, and since 1984 had no contact with the business. Although she protests that she was 'supportive' of Husband's business efforts, the weight of the evidence is somewhat to the contrary, a point that requires no further elucidation.

Steve Parsons, a CPA, testified that the value of the net estate was $50,000.00, the tangible assets had a value as of December 1995 of $154,000.00, and the intangible asset [good will] had a value of $54,800.00.

Another CPA, Steve Harb, was called to testify about the current value of Bunch Marine, but he declined to state an opinion of the overall value of the business. The trial court found the value of the business to be $104,000.00. In light of the testimony of *Husband* that he thought Bunch Marine inclusive of the real estate had a market value of $163,000.00, and the testimony of *Husband's* expert that he valued the business at $209,000.00, it appears evident that the valuation found by the Court is not supported by the preponderance of the evidence. *Barnhill v. Barnhill,* 826 S.W.2d 423 (Tenn. App. 1991). There was considerable evidence of so-called good will value offered which may have contributed to the somewhat confusing testimony as to asset values. Good will is a nebulous concept at best, and upon consideration of the sole proprietorship nature of Bunch Marine we cannot fault the trial court for refusing to include any amount for good will in determining the value of the business. *See, Koch v. Koch,* 874 S.W.2d 571 (Tenn. App. 1993). But the values of assets as found must be within the range of the values proved by opinion testimony. *Wallace v. Wallace,* 733 S.W.2d 102 (Tenn. App. 1987). *Husband* argues that the trial judge was justified in making a determination of values as of the date of the separation of the parties, since *Wife* made no contribution after that time. Without addressing the correctness of this assertion, we are of the opinion that Bunch Marine should have been valued, for marital asset purposes, at $165,000.00.

The issues of alimony and attorney fees will be jointly considered. Wife complains of the refusal of the trial court to award her alimony, notwithstanding that she earns $35,000.00. annually from Union Carbide in addition to significant perquisites. She argues that her monthly expenses are more than $1,200.00 in excess of disposable income; we have examined her statement of expenses and suffice to say that we agree with the trial court that "this is not a case for alimony," which is essentially discretionary in any event. *Lancaster v. Lancaster,* 671 S.W.2d 501(Tenn. App. 1984). Attorney fees are a part of alimony, and we agree with the trial judge that each party should pay his own attorney. *Loyd v. Loyd,* 860 S.W.2d 409 (Tenn. App. 1993).

*Husband* was directed to pay $1,200.00 per month child support, which assumes gross income of $5,300.00 monthly. Wife says this amount does not comport with the Guidelines, since *Husband's* average gross monthly income is $5,900.00. We know of no reason why the most recent two years of income derived from self-employment may not be utilized, and on this basis suffice to state that *Wife* cannot justifiably complain of the award.

Except for the adjustment in the marital asset value of Bunch Marine, the judgment is affirmed. We conclude that a remand to the trial court for the purpose of redetermining the apportionment of marital assets is a more provident procedure, and the case is accordingly remanded. Costs on appeal are assessed to the parties evenly.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

3