Kelly POPE, Respondent,

v.

Joel RAY, Appellant.

No. WD 69384.

Missouri Court of Appeals, Western District.

Sept. 1, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 2009.

Application for Transfer Denied Dec. 22, 2009.

Susan F. Robertson, Columbia, MO, for appellant.

Danieal H. Miller, Columbia, MO, for respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and JAMES E. WELSH, JJ.

PER CURIAM:

Joel Ray, PhD., appeals the trial court's entry of judgment following this court's remand for a new trial on damages. The judgment is vacated, and the case is remanded with instructions to comply with the court's earlier mandate.

## Background

The background of this case began about 1981,[1] when the plaintiff, Kelly Pope, who was four years old, first became the object of sexual abuse inflicted by Lester Pope, her adoptive father. In 1988, when Kelly was eleven, her mother, Nancy Pope, learned of the abuse.

At that time, Defendant Joel Ray, PhD., was a clinical psychologist practicing in Columbia in the same office with Bruce Strnad, PhD. The two practiced under the

---

1. A more extensive recitation of the history is set out at *Pope v. Pope,* 179 S.W.3d 442 (Mo. App.2005), and *American Home Assurance Co. v. Pope,* 487 F.3d 590 (8th Cir.2007).

name "Columbia Psychological Associates." Nancy Pope, who had previously worked for Dr. Ray, brought her crisis to the psychologists, who counseled her that Lester Pope should undergo professional therapy. The therapy for the abuser was to be an alternative to informing authorities of the abuse.

For two years, no one in that office reported the abuse to authorities; this was contrary to the requirements of section 210.115 (specifying those persons required to report suspected instances of child abuse),[2] and, as later established, contrary to the requirements of the common law applicable to psychologists when there is an identified victim. *Bradley v. Ray,* 904 S.W.2d 302 (Mo.App.1995). In the meantime, after attending four to six therapy sessions with Dr. Strnad, Lester Pope ceased therapy without being released by Dr. Strnad. Neither psychologist informed the authorities, or informed Nancy Pope or Kelly Pope that Lester Pope had ceased attending therapy. Nor did either warn them Mr. Pope was likely to continue the abuse. The abuse continued.

Eventually, almost two years after Nancy Pope first brought the matter to the attention of the psychologists, Kelly Pope told a social worker in the same office about the abuse. The social worker reported the matter to the authorities. Kelly's father was arrested, pleaded guilty, and was sentenced to imprisonment.

Through Norma Bradley as next friend,[3] Kelly eventually, in 1991, brought a lawsuit against her father, her mother, and Drs. Strnad and Ray. This petition specifically alleged claims against Dr. Ray and Dr. Strnad for aiding and abetting an intentional child abuse tort, for negligent breach of common law duty to warn of abuse, for a private cause of action and negligence *per se* based on the Child Abuse Reporting statute, malpractice and for *prima facie* tort. The trial court dismissed all counts of the petition for failure to state a claim.

In *Bradley v. Ray,* this court affirmed the dismissal of the *statutory* failure-to-report claim but reversed the dismissal of the failure-to-warn or failure-to-protect allegations. The court recognized a separate, non-statutory, common law duty to warn or protect applicable to psychologists and psychiatrists. 904 S.W.2d at 312. This court recognized, for the first time in Missouri, a treating psychologist's common law duty to warn or protect when there is an identifiable victim. *Id.* The court was careful to distinguish the common law duty from the statutorily created duty (under section 210.115) to report suspected abuse to the authorities. *Id.* at 310–11. The court remanded for a trial on the common law duty to warn. *Id.* at 316.

For reasons the record does not reveal, Ms. Bradley did not pursue the case in behalf of Kelly for three years after remand. The court dismissed it without prejudice in 1998. In 1999, Kelly Pope, as a twenty-two-year-old adult, re-filed the case setting forth a new petition for damages. The newly drafted petition asserted within Count III her claims against the psychologists in failing to take action to protect Kelly from further abuse. Kelly alleged, *inter alia,* that the doctors were "negligent as practicing psychologists" in failing to inform authorities that Kelly's father was sexually abusing her and in failing, after therapy ceased, to warn Kelly

---

**2.** *See* section 210.115, RSMo (requiring specified individuals to report suspected instances of child abuse or neglect to the Department of Social Services, Children's Division).

**3.** The record does not reveal the nature of the relationship between Norma Bradley and Kelly Pope.

Pope, Nancy Pope, and others that Lester Pope had ceased therapy and presented a continuing danger to Kelly.

When the psychologists' liability insurance company refused to defend Dr. Strnad without a reservation of rights, Ms. Pope and the defendant *ad litem* for Dr. Strnad (who had passed away in 1993) entered into an agreement to limit the collection of damages to those that could be recovered from the insurer. They agreed to submit the claim to arbitration. Dr. Ray was not a party to either agreement.

The case against Dr. Ray ultimately proceeded to trial. It was tried before a jury in September 2003. Ms. Pope dismissed her claims against the parental defendants, proceeding only against Dr. Ray on a theory of Dr. Ray's vicarious liability for the negligence of his partner, Dr. Strnad, who had failed to protect Kelly during the therapy and after the therapy ceased. The jury found Dr. Ray vicariously liable for Dr. Strnad's negligence. The jury awarded Ms. Pope $5 million in damages. The court also determined that she was entitled to more than $5 million in prejudgment interest.

A few months later, in February 2004, the case against Dr. Strnad went before the arbitration panel. The parties submitted the case on the record from Dr. Ray's trial. The agreement to arbitrate specifically waived any issue as to prejudgment interest and allowed the panel to award prejudgment interest. The agreement provided that collection of the award would not exceed the amount available through liability insurance. The panel awarded Kelly Pope $8 million in damages with over $8 million in prejudgment interest against Dr. Strnad's *ad litem*.

As to the judgment against Dr. Ray based on the jury award and the allowance of pre-judgment interest, Dr. Ray appealed, contending, *inter alia*, that the trial court had erred in allowing the matter to be submitted against Dr. Ray on a theory of vicarious liability. This court affirmed the judgment in all respects except as to damages. *See Pope v. Pope*, 179 S.W.3d 442 (Mo.App.2005). We reversed as to damages only and remanded to the trial court with directions to conduct a new trial on the limited issue of damages. *Id.* at 466. We did not address Dr. Ray's additional arguments pertaining to damages, including arguments based on the asserted applicability of Chapter 538. *Id.*

Following remand, Ms. Pope filed a motion in the trial court asking the trial court to enter judgment against Dr. Ray for the amount of the prior arbitration award against the defendant *ad litem* for Dr. Strnad. The theory was that, rather than conduct a new trial on damages, as directed by our mandate, the trial court could short-circuit the process and simply adopt the amount of Dr. Strnad's liability pursuant to arbitration as the amount of Dr. Ray's liability (which was vicarious liability). Over Dr. Ray's objection, the trial court granted Ms. Pope's motion, holding Dr. Ray liable for the amount of the arbitration award.

Dr. Ray appeals, contending the court erred in violating his right to further legal proceedings, including a trial on damages.

### Standard of Review

This court reviews the ruling of the trial court (designated a grant of summary judgment) *de novo* as a question of law. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Judgment may be summarily granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6). There is

no dispute of material facts in this case; the only issue before us is an issue of law. The ruling will be affirmed only if we find, as a matter of law, that the trial court properly granted judgment following our remand for a new trial as to damages. *See id.*

### Point I: The Remand

Dr. Ray says the trial court erred as a matter of law in entering judgment against him for the amount of damages in the arbitration award. He contends that the judgment is "null and void" because it is contrary to the law of the case and exceeds the scope of this court's mandate. The mandate directed remand for a new trial on the limited issue of damages.

■ On remand, the scope of the trial court's jurisdiction is defined by the appellate court's mandate. *Outcom, Inc. v. City of Lake St. Louis,* 996 S.W.2d 571, 574 (Mo.App.1999). "The mandate serves the purpose of communicating the judgment to the lower court, and the opinion, which is a part thereof, serves in an interpretative function." *Durwood v. Dubinsky,* 361 S.W.2d 779, 783 (Mo.1962). Following remand, the trial court is required to render judgment in conformity with the mandate. *Davis v. J.C. Nichols Co.,* 761 S.W.2d 735, 737 (Mo.App.1988). Any orders or adjudications entered by the trial court must be confined to those necessary to execute the appellate court's judgment as set forth in the mandate. *Tillis v. City of Branson,* 975 S.W.2d 949, 952 (Mo.App.1998). Proceedings that are contrary to the directions of the mandate are unauthorized and unenforceable. *Davis,* 761 S.W.2d at 737.

### *The Mandate*

■ This court's mandate in *Pope v. Pope,* 179 S.W.3d 442 (Mo.App.2005), states: "Now on this day the judgment is affirmed in part and reversed in part, and the cause is remanded to the Circuit Court ... for further proceedings, all in accordance with the Opinion of This Court herein delivered." "The opinion is part of the mandate and must be used in interpreting the mandate." *Frost v. Liberty Mut. Ins. Co.,* 813 S.W.2d 302, 305 (Mo. banc 1991). Thus, we look to the opinion and any directions contained therein in interpreting and applying the mandate. *Tillis,* 975 S.W.2d at 951.

This court's opinion and mandate in *Pope* affirmed the judgment against Dr. Ray in all respects except as to damages. 179 S.W.3d at 466. We determined that the court erred in permitting evidence of the doctor's liability insurance to be published to the jury without a limiting instruction. *Id.* at 465. This court concluded that justice required a new trial on the issue of damages; consequently, we reversed and remanded on that issue only, stating:

> The judgment is affirmed in all respects except as to the award of damages. The judgment as to damages, including, of necessity, the award of pre-judgment and post-judgment interest, is reversed and *the cause is remanded for a new trial on the issue of damages* only.

*Id.* at 466 (emphasis added).

■ Under Missouri law, a "general remand" is one without specific directions that leaves all issues open to consideration in the new trial. *Outcom,* 996 S.W.2d at 574. In contrast, where an appellate court remands with *specific directions,* the trial court is duty-bound to render a judgment that strictly conforms to that mandate. *Davis,* 761 S.W.2d at 737. The court is without power to modify, alter, amend, or otherwise depart from those directions. *Id.; see also Edmison v. Clarke,* 61 S.W.3d 302, 310 (Mo.App.2001) (trial court has no authority to deviate from express instructions to take specific action).

This was not a "general remand" but was, instead, a remand with specific directions.[4] Our remand directed the trial court to take a specific action, *i.e.*, conduct a new trial on the issue of damages. The trial court was obligated by the mandate and the corresponding opinion to act in accordance with the specific directions. *See Outcom,* 996 S.W.2d at 574; *Davis,* 761 S.W.2d at 737.

On remand, Ms. Pope claimed for the first time that the court could find, as a matter of law, that the damages assessed against Dr. Strnad in the arbitration award also applied to Dr. Ray. Her theory was that because Dr. Ray was vicariously liable for Dr. Strnad's negligence, and because Dr. Strnad's actions were found by the arbitration panel to result in liability to Ms. Pope to the extent of $8 million in damages (plus prejudgment interest), then the trial court should enter judgment against Dr. Ray for that amount of damages as well. Dr. Ray opposed the motion, refusing to stipulate to the additional use of the arbitration award in this manner. The trial court rejected Dr. Ray's objections and accepted Ms. Pope's arguments, determining that Dr. Ray's liability to Ms. Pope was determined by the arbitration between the plaintiff and Dr. Strnad's *ad litem.*

These findings and actions are outside of the scope of this court's mandate. This court's opinion directed the trial court to conduct a new trial on damages; it did not in any way contemplate, over the objection of any of the parties, applying the arbitration award to Dr. Ray.

■ This court was aware of the arbitration award at the time of the first appeal. Had this court determined it to be proper, this court could have instructed the trial court to apply the arbitration award to Dr. Ray rather than conduct a new trial on damages. Also, of course, had Dr. Ray wished to waive the right to a new trial on damages, he could have done so. Further, if plaintiff Pope believed, after this court's ruling in *Pope,* 179 S.W.3d 442, that we erred in failing to order the incorporation of the amount of the arbitration award, or that we simply overlooked that possibility, she could have raised the issue in a motion for rehearing or in a motion to recall the mandate. *See Davis,* 761 S.W.2d at 740. "Judicial economy is not advanced by allowing respondent to 'reserve' issues omitted from their" original appeals to be decided later. *Walton v. City of Berkeley,* 223 S.W.3d 126, 130 (Mo. banc 2007). The trial court erred in assessing the arbitration award damages against Dr. Ray at that point in the proceedings without his agreement to waive his right to a new trial on damages.

The judgment must be reversed, and the case remanded for the original mandate to be followed.[5]

### Point III: Chapter 538 Statutes Related to Health Care Providers

In his final point, Dr. Ray argues that if this court does not vacate the judgment

4. As to examples of remands with specific directions, see *Breckle v. Hawk's Nest, Inc.,* 42 S.W.3d 789, 790–91 (Mo.App.2001) (remanded with instructions to determine reasonable amount of compensation for past and future nursing care); *Tillis,* 975 S.W.2d at 951–52 (remanded with directions "to declare the tourism tax unconstitutional"; noting that inclusion of phrase "and for further proceedings consistent with [the] opinion" did *not*

convert it into a general remand); *Brooks v. Kunz,* 637 S.W.2d 135, 137–38 (Mo.App.1982) (remanded "for a new trial at which evidence of the . . . contributions of the parties to the acquisition of . . . the property should be adduced").

5. Our ruling on the first point raised by Dr. Ray moots Dr. Ray's second point.

and remand the case, this court should reduce the judgment in accordance with the statutory cap and prejudgment interest limitations provided by section 538.210 and section 538.300, respectively. We are vacating the judgment based on the arbitration award and remanding for a new trial. Defendant has not asked that we resolve this issue unless we affirm the incorporation of the arbitration award, which we do not. Since we have not been asked to address the issue and we cannot say for certain the issues will arise again on remand, we do not address Dr. Ray's contingent final point.

## Conclusion

Based on the foregoing, the judgment is reversed and remanded to the trial court with instructions to carry out the court's earlier mandate directing "a new trial on the issue of damages only." *Pope v. Pope*, 179 S.W.3d 442, 466 (Mo.App.2005).