John GUIDRY, Simul–Vision Cable Systems, Ltd. and Guidry Cable Vision Management Company, Appellants,

v.

CHARTER COMMUNICATIONS, INC., Charter Communications Ent. 1, LLC, Bauman Property Co., and U.B.S. Realty Investors, LLC, Defendants,

and

Seven Trails West, LLC, d/b/a 500 Seven Trails Drive Investors, L.L.C., Respondent/Cross–Appellant.

No. ED 93211.

Missouri Court of Appeals, Eastern District, Division Two

April 27, 2010.

Anthony G. Simon, St. Louis, MO, for appellants.

Michael A. Clithero, St. Louis, MO, for respondent/cross appellant.

PATRICIA L. COHEN, Judge.

### Introduction

John Guidry, Simul–Vision Cable Systems, Ltd., and Guidry Cable Vision Man-

agement Co. (collectively, "Simul–Vision") appeals the trial court's judgment granting in part Seven Trails West LLC's motion for summary judgment and awarding Simul–Vision damages following this court's remand for a new trial on the issue of damages. Seven Trails cross-appeals the trial court's award of damages to Simul–Vision, arguing that the trial court applied the wrong measure of damages.

### Factual and Procedural Background

Simul–Vision and Seven Trails entered a month-to-month contract for Simul–Vision to provide cable services to the tenants of Seven Trails West Apartment Complex. The contract was terminable with a thirty-day notice and contained an exclusivity provision that prohibited Seven Trails from allowing third parties to install or operate a cable or satellite system at the apartment complex. On August 27, 2001, Seven Trails terminated the month-to-month contract with Simul–Vision effective September 30, 2001.

On March 31, 2003, Simul–Vision sued Seven Trails for breach of contract. After a jury trial in May 2006, the jury found in favor of Simul–Vision and awarded it $706,000 in damages. Seven Trails appealed, and this court affirmed the trial court's judgment as to liability but reversed and remanded for a new trial on damages. *Guidry v. Charter Communications, Inc.,* 269 S.W.3d 520, 536 (Mo.App. E.D.2008) (*"Guidry I "*).

On appeal, Seven Trails argued, *inter alia,* that the trial court erred in denying Seven Trails' motion for directed verdict because Simul–Vision did not suffer identifiable damages and, therefore, could not make a submissible case for breach of contract. *Id.* at 532. Specifically, Seven Trails claimed that Simul–Vision "did not lose any profits and did not suffer damages because they continued to provide cable services and receive subscription fees past the termination of the month-to-month agreement." *Id.* We held that damages may be measured by loss of profits or by loss of the benefit of the bargain. *Id.* Because Simul–Vision had presented substantial evidence of damages as measured by the loss of the benefit of the bargain, we affirmed that Seven Trails was liable for breach of contract. *Id.*

While we affirmed the determination that Simul–Vision suffered damage as a result of Seven Trails' breach of contract, we found that the trial court's award of $706,000 in damages was "speculative because it [was] not supported by the adduced evidence." *Id.* at 533. The jury apparently based its award on a per-subscriber value of $2,000. Upon review, this court found no evidence that, absent Seven Trails' breach, Simul–Vision would have been able to find a potential buyer or that a potential buyer would have paid a certain per-subscriber amount. *Id.* at 534. We further found that the evidence adduced at trial did "not support the jury's award of $2,000 per-subscriber value." *Id.* Accordingly, this court held that the damages award was excessive "under the facts of this case" and "reversed and remanded for a new trial on damages." *Id.*

On February 3, 2009, Seven Trails filed a motion for summary judgment asking the trial court to enter judgment in its favor on the grounds that "under the undisputed facts, [Simul–Vision] incurred zero damages regardless of the measure of damages applied." On March 18, 2009, the trial court entered a scheduling order for additional discovery on the issue of damages, set the case for a two-day trial to begin on September 8, 2009, and ordered Seven Trails to file its reply to Simul–Vision's memorandum in opposition to Seven Trails' motion for summary judgment.

On April 29, 2009, the trial court entered a judgment granting in part and denying in part Seven Trails' motion for summary judgment. In the judgment, the trial court rejected Seven Trails' claim that the amount of damages suffered by Simul–Vision was zero, but agreed that "the only claim for damages and evidence offered thereto by [Simul–Vision] is the same as that presented in the first trial." The trial court then *sua sponte* calculated Simul–Vision's damages and awarded it $24,363.56.[1]

Simul–Vision appeals the trial court's order granting in part Seven Trails' motion for summary judgment. In response, Seven Trails claims that the trial court properly "rejected [Simul–Vision's] efforts to re-introduce the same damages evidence as in the earlier trial," but cross-appeals the damages award of $24,363.56 on the grounds that the trial court applied the wrong measure of damages. We reverse and remand.

### Discussion

Simul–Vision claims that the trial court erred in granting in part Seven Trails' motion for summary judgment because: (1) the trial court exceeded its jurisdiction[2] by acting outside the scope of the court's directions on remand; (2) the law of the case precluded re-litigating the issue raised in the motion for summary judgment; (3) the trial court neglected new evidence proffered by Simul–Vision and did not properly consider all evidence material to the issue of damages; and (4) a genuine issue of material fact existed. In response, Seven Trails argues that the tri-

al court properly rejected Simul–Vision's efforts to re-introduce the same damages evidence, but cross-appeals the amount of damages the trial court awarded Simul–Vision. We find that Simul–Vision's first point on appeal is dispositive.

On remand, the scope of the trial court's authority is defined by the appellate court's mandate. *Pope v. Ray*, 298 S.W.3d 53, 57 (Mo.App. W.D.2009). "The mandate serves the purpose of communicating the judgment to the lower court, and the opinion, which is a part thereof, serves an interpretative function." *Id.* (quoting *Durwood v. Dubinsky*, 361 S.W.2d 779, 783 (Mo.1962)). Following remand, the trial court is required to render judgment in conformity with the appellate court's mandate and accompanying opinion. *Id.* We review *de novo* whether the trial court followed the mandate. *See Id.* at 56.

There are two types of remands: (1) a general remand, which does not provide specific direction and leaves all issues open to consideration in the new trial; and (2) a remand with directions, which requires the trial court to enter a judgment in conformity with the mandate. *Outcom, Inc. v. City of Lake St. Louis*, 996 S.W.2d 571, 574 (Mo.App. E.D.1999). "Where the mandate contains express instructions that direct the trial court to take a specified action, the trial court has no authority to deviate from those instructions." *Edmison v. Clarke*, 61 S.W.3d 302, 310 (Mo.App. W.D.2001). A remand directing "the trial court to take a specific action, *i.e.*, conduct a new trial on the issue of damages" is a

---

1. Both parties filed motions for reconsideration, which the trial court denied without explanation.

2. Consistent with *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009), we note that a more accurate description of

the issue presented is whether the trial court exceeded its "authority" or "power" when it acted outside the scope of the court's directions on remand. *See also Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo.1960).

remand with specific instructions. *Pope,* 298 S.W.3d at 58. "Any proceedings in the trial court contrary to the mandate are null and void." *Edmison,* 61 S.W.3d at 310 (quotation omitted).

Our mandate in *Guidry I* constituted a remand with directions because it directed the court to take specific action, namely, to conduct a new trial on the issue of damages. *See Pope,* 298 S.W.3d at 58. The mandate provided:

> The Court, being sufficiently advised of and having considered the premises, adjudges that the judgment rendered by the St. Louis City Circuit Court in cause No. 032–00987 be reversed in part as to the award of damages to [Simul–Vision] and remanded in part for a new trial on damages only and affirmed in all other respects in accordance with this Court's opinion delivered October 7, 2008.

In the accompanying opinion, we explained that the jury award of $706,000, which represented what a potential buyer would have paid to acquire Simul–Vision's cable system at the apartment complex and was apparently based on a per-subscriber value of $2,000, was "speculative because it [was] not supported by the adduced evidence." *Guidry I,* 269 S.W.3d at 533. Simul–Vision presented no evidence that it would have been able to find a potential buyer willing to pay a certain per-subscriber price for its cable system and, therefore, any suggestion that this was possible was "mere speculation." *Id.* at 534.

We further found that, even if Simul–Vision could have found a potential buyer, the evidence did not support basing the award on a per-subscriber value of $2,000. *Id.* The record showed that Simul–Vision built and sold four other cable systems in St. Louis: (1) Lake St. Louis—$2,000 per-subscriber; (2) Wentzville—$1,975 per-subscriber; (3) Country Club Hills—$197 per-subscriber; and (4) Tempo Apart-

ments—$10,000 for wiring. Based on the evidence presented at trial, we found that Seven Trails' cable system and service contract more closely resembled the Country Club Hills system, valued at $197 per-subscriber, than the higher-priced Lake St. Louis and Wentzville systems which, at the time of the sale, were both operating on contracts with 13 years remaining before expiration. *Id.* We therefore concluded that the jury award "under the facts of this case, [was] excessive," and we reversed and "remanded to the trial court for a new trial on damages only." *Id.* at 534, 536. "[W]here an appellate court remands with *specific directions,* the trial court is duty-bound to render a judgment that strictly conforms to that mandate. The court is without power to modify, alter, amend, or otherwise depart from those directions." *Pope,* 298 S.W.3d at 58 (emphasis in the original) (citations omitted).

In *Pope,* the Western District held that the trial court exceeded the scope of this court's mandate to conduct a new trial on damages when it assessed damages without holding a new trial. 298 S.W.3d at 58. In that case, a jury found the defendant psychologist vicariously liable for the negligence of his partner, Dr. Strnad, who had failed to protect the plaintiff from sexual abuse. *Pope,* 298 S.W.3d at 56. On appeal, the Western District affirmed the judgment in all respects except as to damages and "remanded to the trial court with directions to conduct a new trial on the limited issue of damages." *Id.* In a separate proceeding, an arbitration panel heard the plaintiff's case against Dr. Strnad and awarded the plaintiff $8 million in damages. Following remand, the plaintiff filed a motion in the trial court asking the trial court to enter judgment against the defendant in the amount of the prior arbitration award against Dr. Strnad. *Id.* The trial court granted the plaintiff's motion over

the defendant's objection and, rather than conduct a new trial on damages, adopted the amount of Dr. Strnad's liability pursuant to arbitration. *Id.* The defendant again appealed, and the Court of Appeals held that the trial court acted outside its mandate and, in so doing, violated the defendant's right to a new trial on damages. *Id.* at 58.

Seven Trails argues that *Pope* is distinguishable because, in that case, the trial court "went off in an unforeseen direction after remand for a new trial on damages." Seven Trails stresses that, in *Pope*, the plaintiff did not move the trial court to use the arbitration award to measure damages until after remand and the Western District's opinion "did not in any way contemplate ... applying the arbitration award" to the defendant. *Pope,* 298 S.W.3d at 58. Seven Trails' attempt to distinguish *Pope* is unpersuasive. The test for determining whether the trial court exceeded the scope of our mandate on remand is whether the trial court "strictly conform[ed] to that mandate," not whether the measure of damages the trial court used on remand was previously before this court. *See Pope,* 298 S.W.3d at 57.

Like the trial court in *Pope*, the trial court in the instant case failed to comply with the court's mandate because it did not conduct a new trial on damages. *See Pope,* 298 S.W.3d at 58. The assessment of damages is primarily a function for the jury or the finder of fact. *Teets v. Am. Family Mut. Ins. Co.,* 272 S.W.3d 455, 468 (Mo.App. E.D.2008). Instead of holding a new trial, the trial court engaged in fact-finding when it proceeded to determine Simul–Vision's damages amounted to $24,363.56.

Seven Trails also contends that in granting summary judgment, and thereby precluding Simul–Vision from introducing evidence that its cable system was worth between $4,000 and $5,000 per-subscriber, the trial court "adhered to, rather than strayed from, this court's mandate." Specifically, Seven Trails claims that, because the *Guidry I* court invalidated a verdict based on a $2,000–per–subscriber value, the law of the case doctrine prohibits the trial court from readmitting at retrial evidence of even greater damages.[3] However, Seven Trails' argument ignores the threshold question of whether the trial court complied with this court's mandate to conduct a new trial on the issue of damages. Based on the above discussion, we find that it did not.[4]

3. Seven Trails claims that *Davis v. J.C. Nichols Co.* supports this proposition. 761 S.W.2d 735 (Mo.App. W.D.1988). In *Davis,* the trial court entered a directed verdict for the defendants on plaintiffs' claims of private nuisance. *Id.* at 738. On appeal, the Western District held that the trial court erred in excluding the plaintiffs' offer of certain municipal ordinances as proof of nuisance and remanded for a new trial because of that error. *Id.* On remand, the trial court excluded the ordinances from evidence and granted summary judgment for the defendants. *Id.* The plaintiffs appealed the trial court's award of summary judgment, and the *Davis* court held that summary judgment was erroneous because the trial court's exclusion of the ordinance violated the law of the case doctrine. *Id.* at 741. *Davis* is consistent with the instant holding because it held: "Where a remand is with directions, a trial court is bound to render judgment in conformity with the mandate." *Id.* at 737. Nothing in *Davis* supports the proposition that a trial court ordered to conduct a new trial to determine damages may instead grant summary judgment, particularly where, as here, the amount of damages is in dispute.

4. In light of our holding that the trial court exceeded its authority when it granted summary judgment under the circumstances presented here, we need not reach Seven Trails' cross-appeal challenging the amount the trial court awarded in damages. It is, however, worth noting that the fact that Seven Trails (as well as Guidry) challenges the amount of

## Conclusion

The judgment is reversed and, consistent with our mandate in *Guidry I,* the case is remanded to the trial court for a new trial on the issue of damages only.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., concur.

---

damages awarded underscores our conclusion that in granting summary judgment and calculating damages, the trial court imper-

---

missibly engaged in fact-finding in contravention of our direction to hold a trial on this issue.