

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| THEODORE M. BARDEN, | ) | No. ED103679 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Thomas J. Frawley |
| JILL L. BARDEN, | ) | |
| | ) | |
| Appellant. | ) | Filed: June 21, 2016 |

## Introduction

Jill Barden (Wife) appeals from the judgment of the Circuit Court of St. Louis County modifying Theodore Barden's (Husband) child support and maintenance obligations. In her first point on appeal, Wife argues that the trial court erred in using stale evidence in determining Husband's maintenance and child support obligations. In Wife's second point, she alleges that the trial court exhibited "extreme bias" toward her. We reverse and remand.

## Factual Background

Husband and Wife have three children together. Husband and Wife separated in February 2010. In November 2011 their marriage was dissolved. Under the judgment of dissolution of marriage, Husband was ordered to pay Wife $1,383 a month in child support, $1,875 in monthly maintenance, and 35% of all gross commissions and bonuses he received. At

the time of the divorce, Husband earned approximately $260,000 per year as a sales manager, and Wife was unemployed.

In 2012, Husband was terminated from his job. It took him approximately six months to find new full-time employment. His new job paid an annual salary of approximately $50,000 per year. As a result of his decrease in income, Husband filed a motion to modify the dissolution decree. Following a trial in November 2013, the trial court entered a modified judgment. The trial court terminated Husband's obligation to pay maintenance to Wife, reduced his child support obligation to $861 per month, and terminated his duty to assist one of his daughters, E.B., in paying for her college expenses.

Wife appealed the modified judgment. This Court reversed the trial court's termination of husband's duties to pay maintenance to Wife and assist E.B. with her college expenses. *Barden v. Barden,* 463 S.W.3d 799 (Mo. App. E.D. 2015) ("*Barden I*"). We instructed the trial court to, on remand, reconsider (1) Husband's motion to modify maintenance pursuant to the statutory standard set forth in § 452.370 RSMo and (2) Husband's obligation to pay for E.B.'s college expenses in light of the factors set out in *Forde v. Forde*, 190 S.W.3d 521 (Mo. App. E.D. 2006). *Id.* at 805-807.

Following the remand, Wife filed a motion to reopen evidence. The trial court, without granting Wife's motion, allowed limited discovery regarding Husband's income. The parties exchanged tax returns, and Husband's tax return revealed that he earned approximately $150,000 in 2014. Subpoenaed records from Husband's employer demonstrated that Husband earned close to $239,000 between November 6, 2013 and August 5, 2015. However, the trial court ultimately denied Wife's motion to reopen evidence when it entered its amended judgment in September 2015. The trial court found that Husband had an annual salary of $50,000 and

2

imputed wife's income to be $24,000. The trial court ordered Husband to pay Wife $500 per month in maintenance and $720 per month in child support. The trial court made the maintenance and child support orders retroactive to March 1, 2013. The trial court also terminated Husband's duty to assist in paying for E.B.'s college expenses. Wife appeals.

## Discussion

### *Point I*

Wife argues that the trial court erred by using stale evidence to determine Husband's maintenance and child support obligations in its amended judgment.[1] Husband argues that the trial court properly denied Wife's motion to reopen evidence. Husband asserts that the trial court did not need additional evidence to comply with the mandate of *Barden I,* and thus the trial court would have exceeded this Court's mandate if it granted Wife's motion to reopen evidence.

The scope of the trial court's authority on remand is defined by the appellate court's mandate. *Guidry v. Charter Commc'ns, Inc.,* 308 S.W.3d 765, 768 (Mo. App. E.D. 2010). We review the question of whether the trial court followed the mandate *de novo. Id.* A remand may be one of two types: "(1) a general remand, which does not provide specific direction and leaves all issues open to consideration in the new trial; and (2) a remand with directions, which requires the trial court to enter a judgment in conformity with the mandate." *Id.* If the mandate gives express instructions on a specific course of action and the trial court then diverges from those instructions, "its act is void." *Gerken v. Sherman*, 351 S.W.3d 1, 6 (Mo. App. W.D. 2011).

In support of her argument, Wife cites *Courtney v. Courtney,* 458 S.W.3d 462 (Mo. App. E.D. 2015) and *Meier v. Meier,* 306 S.W.3d 692 (Mo. App. E.D. 2010). In *Meier,* we held that the trial court erred when, in its final judgment distributing the marital property, it used valuation

---

[1] The issue of whether the trial court erred in terminating Husband's obligation to assist in paying E.B.'s college expenses was not raised in this appeal.

3

data that was between fifteen to twenty-one months old to determine the parties' share of the marital property. 306 S.W.3d at 698. In *Courtney,* we held that the trial court erred when it based its amended judgment modifying the parties' maintenance and child support obligations on evidence that was seventeen months old. 458 S.W.3d at 472. However, unlike the present case, the judgments appealed in *Courtney* and *Meier* had not already been remanded by an appellate court with specific instructions.

Both Husband and Wife cite to *State ex rel. Clark v. Kintz,* 826 S.W.2d 423, 425 (Mo. App. E.D. 1992) ("*Clark II*"). In that case, the wife appealed the trial court's judgment after this Court previously remanded the case with specific instructions regarding the trial court's findings on maintenance, custody and child support, and division of marital property. *Id.*; *See also Clark v. Clark,* 801 S.W.2d 95 (Mo. App. E.D. 1990) ("*Clark I*") Following the remand, the wife made extensive discovery requests[2] and filed a motion to compel the husband to respond to the discovery requests. *Clark II,* 826 S.W.2d at 425. The trial court granted the wife's motion to compel, and the husband sought our writ to prohibit the wife from enforcing the order, arguing that the order exceeded this Court's mandate. *Id.*

In *Clark II*, the wife argued that the broad discovery requests were necessary because "on remand, the issues must be decided by the trial court on the facts established at the time of the rehearing." *Id.* We disagreed with the wife's argument, finding that the "wife's logic allows this Court no flexibility in fashioning its direction to a trial court on remand. To her, every remand of a dissolution decree requires a new, complete hearing on the merits." *Id.* However, we held that some limited additional evidence was required to comply with our remand

---

[2] The wife's requests for discovery included "a deposition of the husband, a three page *subpoena duces tecum* seeking the banking records of the husband from his bank, a formal request to the husband to bring to the deposition documents listed in 43 separate paragraphs, and 60 interrogatories, most of which contain a number of more specific interrogatories." *Clark*, 826 S.W.2d at 424 n.1.

instructions. We noted the trial court had authority to make any changes and adjustments to the prior decree necessitated by the additional evidence. *Id.*

Husband relies heavily on *Clark II* in arguing that our remand in *Barden I* limited the trial court's ability to admit current evidence of the parties' finances. However, the present case is distinguishable from *Clark II*. Here, Wife did not file extensive discovery requests, and the trial court limited the scope of discovery to the narrow issue of Husband's earnings. In *Barden I*, we remanded the case to the trial court "for reconsideration of Husband's motion to modify maintenance pursuant to the strict statutory standard set forth in [§ 452.370]." 463 S.W.3d at 805. Section 452.370 requires the trial court to consider "all financial resources of both parties." In *Courtney,* this Court held that, in the context of § 452.370, "[i]mplicit in considering 'all financial resources of both parties' is the necessity of adducing and considering the *current* financial resources of the parties." *Courtney v. Courtney*, 458 S.W.3d 462, 476 (Mo. App. E.D. 2015).

As a result of allowing discovery following our remand, the trial court had before it Husband's tax returns which demonstrated Husband earned approximately $150,000 in 2014, which is triple the amount the trial court determined he earned in its amended judgment. The trial court erred in ignoring the evidence of Husband's significant increase in income after it allowed discovery on the issue. Therefore, we reverse the trial court's judgment and remand the matter to the trial court with instructions to consider evidence of the parties' current finances. The trial court is to consider current financial information in determining the appropriate amount of maintenance to award Wife.[3] Accordingly, Wife's Point I is granted.

---

[3] The trial court's calculation of Husband's child support obligations pursuant to Missouri Supreme Court Rule 88.01 (2015) may need to be adjusted upon considering evidence of the parties' current finances.

## *Point II*

In Wife's second point on appeal, she argued the following:

> This Court should enter a mandate with specific child support and maintenance orders to be entered by [the trial court] or remand this case to a different judge in the twenty-first judicial circuit because [the trial court] has demonstrated extreme bias towards Wife by failing to follow the mandate and refusing to consider the current financial evidence despite knowing of Husband's signficant [sic] pay increase, inappropriately admonishing [E.B.], and ordering the modified child support and maintenance amounts to be retroactive while ignofring [sic] husband earning three times the income the court originally foun [sic] and cancelling the evidentiary hearing on the income and expenses after allowing discovery on the issue.

Husband asserts that we should dismiss Wife's second point because her argument does not comply with Rule 84.04(d). Husband also argues that the record does not support a claim of bias against the trial court. We agree.

There are numerous problems with Wife's argument. First, Wife's argument does not comply with Rule 84.04(d) of the Missouri Rules of Civil Procedure, which mandates that an appellant must "identify the trial court ruling or action that the appellant challenges." In her argument, Wife lists examples of alleged bias on the part of the trial court, but does not point to a specific ruling for us to review. Wife never filed a motion to disqualify the trial judge, and therefore she is not challenging the denial of such a motion. Accordingly, because Wife failed to comply with the requirements of Rule 84.04(d), we dismiss her second point. *See Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App. E.D. 1999) (dismissing appeal for failure to comply with Rule 84.04(d)).

Moreover, even if we were to consider the merits of Wife's second point, her examples of alleged bias in her argument are mainly restatements of arguments she raised in her first point on appeal. The one new example of bias raised by Wife in her argument involves remarks the trial court made to E.B., which neither party objected to at trial. The trial court told E.B.:

6

You do whatever you want. You want to make an adult decision, there will be an adult consequence. I'm not going to put up with it. You don't want to obey court orders. You want to go and act a fool when you're going with your father; sit there and say it's been 20 minutes and then leave and not say anything. That's about acting like a four-year-old. Maybe I should treat you like a four-year-old instead of an adult. But no, I'll treat you like an adult. You make an adult decision, there's an adult consequence. You figure out how to go pay for college on your own, with your mother, whoever else, you figure it out, if you can't find any money, that's on you. Good luck.

A judge's remarks alone, "even those that are critical or even hostile to a party, do not support a claim of bias and partiality." *Haynes v. State,* 937 S.W.2d 199, 204 (Mo. banc 1996). The judge's remarks must be reviewed in the context of all the statements of the judge and the situation in which the remarks were made. *Id.* In the present case, the trial court's statements were made in response to E.B.'s refusal to comply with court orders. The record reflects that the trial court was not acting maliciously in admonishing E.B. The trial court, after admonishing E.B., expressed to the parties that, "I feel very badly that [the Children] left here in tears, that was never my goal or my intention." Thus, even if the issue were preserved for appeal, the trial court's remarks to E.B. do not support an allegation of extreme bias against Wife.

Furthermore, for bias or prejudice to be disqualifying, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. An impersonal prejudice resulting from background experience is insufficient." *Elnicki v. Caracci*, 255 S.W.3d 44, 50 (Mo. App. E.D. 2008) (quoting *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. App. E.D. 1990)). Wife does not cite to any evidence that the trial court has an extrajudicial source of prejudice against her. For the foregoing reasons, Wife's Point II is dismissed.

7

**Conclusion**

We reverse the trial court's judgment and remand the matter to the trial court with instructions to consider evidence of the parties' current finances when determining Husband's maintenance obligation to Wife.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

8