In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE
MICHAEL R. TAYLOR, ) No. ED108724
 )
 Respondent, )
 ) Appeal from the Circuit Court
 ) of St. Charles County
 vs. ) Cause No. 1611-FC00388
 )
ELAINE M. TAYLOR, ) Honorable John P. Banas
 )
 Appellant. ) Filed: April 6, 2021

 I. Introduction

 Elaine M. Taylor (“Wife”) appeals the trial court’s modified judgment and decree of

dissolution dissolving the marriage of Wife and Michael R. Taylor (“Husband”). Wife asserts

two points on appeal. First, Wife argues that the trial court erred in failing to follow the opinion

and mandate (“Taylor I”) issued by our Court by limiting the amount of Wife’s maintenance

award to $2,500 per month. In her second point on appeal, Wife contends the trial court erred in

failing to dismiss with prejudice the claim for tortious interference with a business expectancy as

instructed by our Court in Taylor I. We reverse and remand.

 II. Factual and Procedural Background

 Husband and Wife married in 1996 and had two children, aged thirteen and seventeen at

the time of trial. The family resided in Foristell, Missouri. Husband filed for divorce in March of

2016.

 1
 Wife received her law degree from Washington University in 1992 and is a licensed

attorney. However, she has not worked a full-time position since 1993 and has been the primary

caretaker of the two children. During trial, Tim Kaver (“Kaver”), a vocational rehabilitation

expert, who interviewed Wife and prepared a report, testified that:

 Wife is an experienced attorney who has worked part-time as a sole practitioner
 since 1995 in family, traffic, and bankruptcy law. Kaver further testified that Wife’s
 last full-time employment was in 1993, when she worked as a tax department
 attorney for one year at a law firm earning between $30,000 and $40,000. In 2013,
 Wife’s earnings were a net loss of - $4,622. In 2014, Wife earned an income of
 $204. Wife had no reported income for 2015 or 2016.

 Kaver testified that he conducts job placement for approximately one attorney each
 year and that one percent of his firm’s work involves placement for attorneys,
 Kaver concluded that Wife could most likely obtain a position within two to six
 months with a small- to mid-sized law firm earning between $70,785 and $107,910
 annually. Kaver based his conclusions on labor market statistics provided by Robert
 Half Legal.

Taylor v. Taylor, 566 S.W.3d 641, 646 (Mo. App. E.D. 2018). Wife was not interviewed about

her professional network capability. Id. Wife testified that her monthly expenses were

$38,518.50 per month and sought maintenance of $6,000 per month, which she testified would

supplement her income to help meet her reasonable needs after the sale of the marital home. Id.

at 646–47. Wife provided that $12,650 of the monthly expenses went towards the care of six

riding horses. Id. at 646.

 The trial court awarded Wife non-modifiable maintenance of $2,500 per month,

terminable upon the death of either party, the remarriage of Wife, or Husband’s payment of

monthly maintenance for thirty-six months. The trial court found that there was considerable and

substantial evidence presented at trial that Wife would be self-supporting in less than the three-

year term of maintenance.

 2
 Husband amended his action for dissolution of marriage to include a claim for tortious

interference with a business expectancy. Specifically, Husband alleged that Wife interfered with

his employment, which compromised Husband’s employment, career, and business expectancy

with his employer. Despite finding that Husband was not damaged as a result of Wife’s actions,

the trial court did not dismiss the tortious interference claim.

 On appeal, our Court reversed and remanded the case to the trial court. See id. at 654–55.

Our Court found that because the record lacked substantial evidence to support the trial court’s

maintenance award, the trial court abused its discretion in awarding Wife non-modifiable

maintenance limited to thirty-six months. Our Court instructed the trial court to enter an order for

modifiable maintenance, without the thirty-six-month limitation, and to review the amount of the

the monthly maintenance award in light of the evidence presented and to reevaluate the facts in

light of the § 452.335.2 factors.1 Additionally, we ordered the trial court to enter judgment

dismissing with prejudice Husband’s Count II for tortious interference.2

 The trial court entered an amended judgment and decree of dissolution on October 8,

2019. The trial court explained that Wife did not have household expenses since Husband was

ordered to pay both mortgages on the marital residence and all of the utilities pertaining to the

marital residence. Also, it found that “[s]ince [Husband] is ordered to pay child support[,]

1
 All references are to Mo. Rev. Stat. Cum. Supp. 2016, unless otherwise stated.
2
 Specifically, the mandate stated that:

 [T]he judgment . . . [is] reversed in part as to the maintenance award and as to the judgment on
 Husband’s Count II for tortious interference with a business expectancy, and the cause remanded to
 the aforesaid court with instructions to enter an award of modifiable maintenance, without the thirty-
 six month limitation, and to review the amount of monthly maintenance award in light of the
 evidence presented and to reevaluate the facts in light of the section 452.335.2 factors in determining
 the amount of monthly maintenance needed to close the gap between Wife’s income and her
 monthly expenses, and to enter judgment dismissing with prejudice Husband’s Count II for tortious
 interference in the Amended Petition for Dissolution, and be affirmed in all other respects in
 accordance with this Court’s opinion delivered December 26, 2018.

 3
[Wife’s] expenses as to [the] children are found to be inflated. [Wife’s] expenses as to charitable

contributions, gifts, and horse expenses are not reasonable expenses.” Wife was awarded $2,500

in modifiable maintenance, terminable upon the death of either spouse, the remarriage of Wife or

by order of the trial court. The trial court did not dismiss the tortious interference claim.

 This appeal follows.

 III. Standard of Review

 Our Court reviews the question of whether the trial court followed the mandate de novo.

Barden v. Barden, 492 S.W.3d 641, 643 (Mo. App. E.D. 2016).

 IV. Discussion

Point I

 In her first point on appeal, Wife asserts the trial court erred in failing to follow the

Taylor I opinion and mandate by limiting the amount of her maintenance to $2,500 per month

because the trial court did not consider the factors in § 452.335.2(1)–(10). Wife argues that this

award is insufficient for Wife to meet her reasonable needs, that the trial court speculated or

failed to acknowledge her future reasonable needs, and the maintenance award required Wife to

utilize her award of available marital assets and incur substantial debt to meet her reasonable

needs and fulfill her obligations under the court order.

 Analysis

 On remand, the scope of the trial court’s authority is defined by the appellate court’s

mandate, and all proceedings must be in accordance with the mandate. Barden, 492 S.W.3d at

643; Smith v. Brown & Williamson Tobacco Corp., 410 S.W.3d 623, 633 (Mo. banc 2013).

“There are two types of remands: (1) a general remand, which does not provide specific direction

and leaves all issues open to consideration in the new trial; and (2) a remand with directions,

 4
which requires the trial court to enter a judgment in conformity with the mandate.” State ex rel.

St. Charles Cnty. v. Cunningham, 401 S.W.3d 493, 495 (Mo. banc 2013). The appellate court’s

mandate and its opinion serve to instruct the trial court as to which type of remand has been

ordered. Smith, 410 S.W.3d at 633. “Where, [as here,] the mandate contains express instructions

that direct the trial court to take a specified action, the trial court has no authority to deviate from

those instructions.” Guidry v. Charter Communications, Inc., 308 S.W.3d 765, 768 (Mo. App.

E.D. 2010). If the trial court acts contrary to those instructions, its act is considered null and

void. Id. at 769.

 In Taylor I, we reversed and remanded with specific instructions “to enter an order for

modifiable maintenance, without the thirty-six month limitation, and to review the amount of the

monthly maintenance award in light of the evidence presented.” Taylor, 566 S.W.3d at 655.

Specifically, we directed the trial court to “reevaluate the facts in light of the [§] 452.335.2

factors in determining the amount of monthly maintenance needed to close the gap between

Wife’s income and her monthly expenses.” Id.

 The trial court’s amended judgment mirrored its initial judgment with the exception of

bolded language in the introduction explaining the delay in entering the amended judgment and

under the section “Maintenance.” In awarding Wife a monthly maintenance of $2,500, the trial

court considered that Wife did not have household expenses because Husband was ordered to

pay both mortgages on the marital residence and all of the utilities. It also provided that

“[Husband] has been ordered to pay [Wife] $2,634.00 as and for child support. Since [Husband]

is ordered to pay child support[,] [Wife’s] expenses as to [the] children are found to be inflated.”

The trial court also found that Wife’s expenses for charitable contributions, gifts, and the horses

are not reasonable expenses.

 5
 The judgment fails to demonstrate that the trial court considered the factors enumerated

in § 452.335.2 in determining the amount of monthly maintenance. Instead, the trial court’s

amended judgment indicates that it considered the amount of child support Husband was ordered

to pay in the calculation of maintenance. However, when the children’s needs are not included in

the spousal maintenance calculation, income received on behalf of the children, including child

support, should not to be included in the calculation of maintenance. Sullins v. Sullins, 417

S.W.3d 878, 883 (Mo. App. E.D. 2014). Further, our Court provided in Taylor I that it was not

persuaded that a monthly maintenance of $2,500 is sufficient to cover Wife’s reasonable monthly

expenses, even excluding the costs of caring for the household and horses, Husband’s

responsibility for property’s mortgage and utilities, and child support—all of which the trial

court provided it considered in its calculation of maintenance. See Taylor, 566 S.W.3d at 654–

55. Most importantly, there is no indication that the trial court considered the factors since it

failed to reference or discuss any of them. See cf. L.R.M. v. R.K.M., 46 S.W.3d 24, 27 (Mo. App.

E.D. 2001) (finding the trial court’s maintenance award to wife was properly based on statutory

factors, including standard of living established during marriage and marital property

apportioned). While an award of maintenance is a matter within the sound discretion of the trial

court, a trial court must consider the relevant factors set forth in § 452.335.2 to determine the

amount and duration of the maintenance. Id. at 26; Taylor, 566 S.W.3d at 649. Because we

cannot determine if the trial court considered the factors in § 452.335.2, as expressly instructed

by our Court in Taylor I, we must remand to the trial court to enter a judgment in conformity

with the mandate.

 As noted in Taylor I, we acknowledge that the trial court did not make factual findings as

to Wife’s expenses; however, the trial court’s judgment needed to reflect its reevaluation of the

 6
facts in light of the § 452.335.2 factors in determining the amount of monthly maintenance

needed to close the gap between Wife’s income and her monthly expenses. Accordingly, because

the trial court did not enter a judgment in conformity with the mandate of Taylor I, we reverse

and remand to the trial court for consideration of the factors set forth in § 452.335.2.

 Point I is granted.

Point II

 In her second point on appeal, Wife argues that the trial court erred in failing to dismiss

with prejudice the claim for tortious interference with a business expectancy as instructed in

Taylor I.

 Analysis

 The trial court’s amended judgment did not dismiss Husband’s claim for tortious

interference with a business expectancy as instructed in Taylor I. However, while this appeal was

pending, the trial court dismissed this claim with prejudice. Thus, Point II is dismissed at moot.

 V. Conclusion

 For the forgoing reasons, we reverse and remand for further proceedings consistent with

this opinion and the mandate of Taylor I.

 _______________________________
 Colleen Dolan, P.J.

Robert M. Clayton III, J., concurs.
Kelly C. Broniec, J., concurs.

 7