Bruce H. MOEN, Appellant,

v.

Sharon L. MOEN, Respondent.

No. WD 62899.

Missouri Court of Appeals, Western District.

Aug. 10, 2004.

Dennis J. Owens, Kansas City, MO, for Appellant.

Judith L. Berry, Independence, MO, for Respondent.

Before SPINDEN, P.J., HOLLIGER and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Bruce Moen (Husband) appeals the trial court's division of property in the judgment dissolving his marriage to Sharon Moen (Wife). We affirm.

### FACTUAL AND PROCEDURAL HISTORY

The parties were married on August 5, 2000, and separated seventeen months later. Husband filed a dissolution petition on February 1, 2002. The sole issue at trial was the division of property.

Both parties came to the marriage with their own homes, furniture, and automobiles, but Husband's assets were substantially greater than Wife's. The trial court awarded each party their non-marital property and then determined the marital property had a total value of $204,497.32. Recognizing Husband's greater financial contribution to the marriage, the court divided the marital property by awarding $198,784.82 in property value to Husband and $5,712.50 in property value to Wife. The court also ordered Husband to pay Wife $25,000 as "an equalization of property." Husband appeals, raising three points of error concerning the property division.

### STANDARD OF REVIEW

 In this court-tried case, we will not disturb the dissolution judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Alongi v. Alongi*, 72 S.W.3d 592, 594 (Mo.App.2002). We must defer to the trial court's credibility determinations and view the evidence and inferences in the light most favorable to the judgment, dis-

regarding all contrary evidence and inferences. *Id.*

 The trial court has broad discretion in classifying and distributing property. *Jinks v. Jinks*, 120 S.W.3d 301, 305 (Mo.App.2003). The division of property need not be equal but must be fair and equitable under the circumstances of the case. *Id.* at 306. An appellate court will reverse only if the division is so unduly weighted in favor of one party as to constitute an abuse of discretion. *Nelson v. Nelson*, 25 S.W.3d 511, 516 (Mo.App.2000). The appellate court presumes that the trial court's division of marital property is correct, and the party opposing the division bears the burden of overcoming this presumption. *Id.* at 517.

### POINTS ON APPEAL

### I. Equalization Payment

 Husband contends the trial court erroneously applied the law in requiring him to pay Wife $25,000 to equalize the division of marital property. Section 452.330.1[1] requires the court to consider all relevant factors in dividing the marital property, including: (1) the contribution of each spouse to the acquisition of marital property; (2) the value of the property set off to each spouse; (3) the economic circumstances of the parties at the time division is to become effective; and (4) the conduct of the parties during the marriage. Husband argues the court failed to consider that he contributed a $1.4 million trust to the marital estate, and that there was only $173,511 of the trust corpus left at the time of the dissolution hearing.[2] Because Husband contributed the overwhelming

1. All statutory citations are to the Revised Missouri Statutes 2000, unless otherwise indicated.

2. The decline in the value of the trust account was largely due to losses in the stock market.

Although Husband alleged that Wife spent too much money during the marriage, the court found "no credible evidence" of her financial misconduct.

majority of the funds comprising the marital estate valued at $204,497.32, he contends the court erred in determining that a $25,000 equalization payment to Wife was necessary.

The judgment specifically states the trial court considered "the contribution of each spouse to the acquisition of the marital property, including the contribution of [Wife] as homemaker." The court further made findings that Husband came into the marriage with "significant assets" in his trust account. During the marriage, Husband deposited his employment paycheck into the trust account and used the account to purchase and sell shares of stock. Due to the commingling of funds, the court determined the trust account was marital property.[3] The express findings in the judgment dispute Husband's claim that the court failed to consider his contributions to the marital estate.

In dividing the marital property, the court awarded Husband $198,784.82 of the property value, or 97% of the total estate. Wife was awarded $5,712.50 of the total property value, or 3% of the estate. The court sought to make the division more equitable by ordering Husband to pay Wife $25,000. In light of the "equalization" payment, Husband ultimately received 85% and Wife received 15% of the marital estate. The court clearly factored in Husband's significant financial contribution to the marriage by awarding him the overwhelming majority of the marital property value.

An equitable division of property does not mean that Husband was entitled to an award of marital property precisely equal to this contribution. The evidence established that Wife initially contributed to the marriage as a homemaker and by placing $5,000 of her non-marital funds (a portion of the proceeds from selling her vehicle) into the parties' joint checking account. Wife also obtained employment in December 2000 and routinely deposited her paychecks into the joint account. Given the relative contributions of the parties, the trial court reasonably concluded that a $25,000 equalization payment was necessary to award Wife 15% of the marital estate. The property division was not unduly weighted in Wife's favor and, thus, there was no abuse of discretion. Point I is denied.

## II. Pension Funds

■ Husband contends the trial court's division of property was inequitable because it included his civil service retirement account as marital property while failing to consider Wife's potential retirement benefits from social security. He argues the inclusion of a $13,000 increase in his retirement account unfairly inflated the value of the marital property awarded to him and thereby prompted the trial court to require him to equalize the division with a $25,000 payment to Wife.

In support of his claim, Husband urges us to extend the public policy considerations in *DeMayo v. DeMayo,* 9 S.W.3d 736 (Mo.App.2000), where the court determined that a statutory provision prohibited Missouri teacher retirement accounts from being characterized as marital property in dissolution cases. Because Section 169.572 provides that such retirement accounts must be treated the same as social security benefits, the court reasoned the teachers' retirement funds, like social security benefits, were unassignable and could not be awarded as part of the division of property. *Id.* at 740. Husband contends "[t]his public policy should apply to all cases

---

**3.** Although Husband argued at trial that the trust funds were his separate property, his appeal does not challenge the trial court's characterization of the commingled funds as marital property.

where one party is a Social Security participant and the other is not because he or she has a government employee retirement plan."

Contrary to Husband's invitation, we are not at liberty to exclude civil service retirement accounts from marital property consideration in the absence of a statutory directive. The "public policy" discussed in *DeMayo* was solely based on statutory exclusions that are not applicable to the facts of this case. *DeMayo* is instructive only to the extent it recognizes that our authority to characterize and divide marital property is strictly prescribed by law.

In a dissolution proceeding, the trial court is obligated by law to divide the marital property after consideration of the relevant factors in Section 452.330.1. The statute defines marital property as *"all* property acquired by either spouse subsequent to marriage" except those property items specifically exempted in Section 452.330.2.[4] (emphasis added) The value of Husband's civil service retirement account increased by $13,000 during the marriage as a result of his continued employment. Husband does not dispute that the increased value of the account constituted marital property, as none of the exceptions in Section 452.330.2 are applicable and there are no other exclusions for civil service retirement accounts under our state or federal laws. In fact, federal laws expressly allow civil service benefits to be treated as marital property in dissolution proceedings. 5 U.S.C. 8345(j) and 8341(h).

The trial court had no authority to ignore its obligation, under Section 452.330, to characterize and divide the civil service retirement account as marital property. Nor do we have authority to treat civil service benefits like social security benefits, because federal law provides otherwise and state law allows no marital property exception such as that codified for Missouri teachers' retirement benefits. The trial court complied with the law and, therefore, did not unfairly inflate the value of the marital property by including Husband's retirement account in the division of marital property. Point II is denied.

## III. Motorcycle

■ Husband contends the trial court erroneously applied the law in designating Wife's Harley Davidson motorcycle as her non-marital property. Wife borrowed funds from the trust account to purchase the motorcycle in 2001. Because the court determined the trust funds were marital property, Husband argues the court should have applied the "source of funds rule" to determine that the motorcycle was also marital property.

■ Our courts have adopted the source of funds analysis as a method of determining whether property should be characterized as marital or non-marital in dissolution proceedings. *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 825 (Mo. banc 1984). Under this analysis, the character of property is determined by the source of the funds used to finance the purchase and the property is considered to be acquired

---

4. The statutory exceptions include:
 (1) Property acquired by gift, bequest, devise, or descent;
 (2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;
 (3) Property acquired by a spouse after a decree of legal separation;
 (4) Property excluded by valid written agreement of the parties; and
 (5) The increase in value of property acquired prior to the marriage or pursuant to subdivisions (1) to (4) of this subsection, unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions.

as it is paid for. *Id.* at 824. The term "acquired" is used as "an on-going process of making payment for acquired property." *Id.* at 825. If the property is purchased through a loan, it becomes marital property to the extent marital funds are used to pay off the loan. *In re Marriage of Medlock,* 990 S.W.2d 186, 188 (Mo.App.1999).

Wife points out evidence in the record to dispute Husband's allegations that the motorcycle was purchased out of the trust funds. Viewed in a light most favorable to the judgment, the evidence established that Husband loaned Wife funds from the trust account to purchase the motorcycle in June 2001. The parties agreed that Husband would be paid 9% interest on the loan, a rate lower than the 10% interest Wife would pay on a bank loan. On August 1, 2001, Wife repaid the loan in full with the proceeds from the sale of her premarital home, which was never titled in Husband's name. Based on this evidence, the court could reasonably determine that Wife used non-marital funds to purchase her motorcycle. The court properly applied the source of funds rule in concluding that the motorcycle was non-marital property. Point III is denied.

The judgment of the trial court is affirmed.

All concur.