**Audrey G. WILLBANKS, Appellant**

v.

**Jerry D. WILLBANKS, Respondent.**

**No. 28117.**

Missouri Court of Appeals,
Southern District,
Division One.

April 24, 2008.

Katie M. Anderson, Houston, for Appellant.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for Respondent.

---

JOHN E. PARRISH, Presiding Judge.

Audrey G. Willbanks (wife) appeals the judgment in a dissolution action. She contends the trial court erred in classifying the parties' property, in the distribution of marital property, and in denying her request for maintenance. The judgment is affirmed in part, reversed in part, and remanded.

Jerry D. Willbanks (husband) and wife married January 27, 1965. Four children were born of the marriage. Three were living at the time of trial. They are emancipated.

Wife initiated this action. Husband filed a counter-petition. Both sought dissolution of the marriage, the setting over of non-marital property to the respective party, and distribution of marital property and marital debts. Additionally, wife requested maintenance, attorney fees, and restoration of her maiden name.

Facts relative to particular points on appeal are set forth in the parts of the opinion directed to the issues that are presented.

> The standard of review on appeal from a decree of dissolution of marriage is guided by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). *Lewis v. Lewis*, 930 S.W.2d 475, 477 (Mo.App. E.D.1996). Accordingly, this court will affirm the judgment of the trial court if it is supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. [*Murphy v. Carron, supra* ].

*Fisk v. Fisk*, 81 S.W.3d 1 (Mo.App.2001).

This opinion first addresses Point III. Point III states:

> THE TRIAL COURT ERRED IN JULY 13, 2006 JUDGEMENT [sic] AND DECREE OF DISSOLUTION OF MARRIAGE BECAUSE IT FAILED TO EQUITABLE [sic] DIVIDE THE MARITAL PROPERTY IN EQUITABLY [sic] OR ALTERNATIVELY CONSIDER THE FACTORS IN THE INEQUITABLE DISTRIBUTION IN THAT IT FAILED TO CONSIDER [HUSBAND'S] CIVIL SERVICE RETIREMENT AS A MARITAL ASSET TO BE DIVIDED.

■ " 'An appellate court reviews only issues raised in the points relied on in an appellant's brief.' " *Villines v. Mier,* 58 S.W.3d 921, 924 (Mo.App.2001), quoting *State v. Rogers,* 973 S.W.2d 495, 498 (Mo. App.1998). *See also Russ v. Russ,* 39 S.W.3d 895, 899 n. 5 (Mo.App.2001); *Greene County Concerned Citizens v. Board of Zoning Adjustment of Greene County,* 873 S.W.2d 246, 255 (Mo.App. 1994). The only challenge to the trial court's division of marital property that this court gleans from Point III is a claim that the trial court did not determine husband's civil service retirement benefits to be a marital asset and, therefore, the distribution of marital property was inequitable.

Husband receives retirement benefits in the form of a civil service pension as a result of his employment with the government from 1977 to 2002. He receives "about 1,800 and something a month" from his government retirement benefits. The benefits accrued during the marriage.

■ Pension benefits that accrue during a marriage are marital property. *Columbo v. Brunkhorst,* 217 S.W.3d 333, 334 (Mo.App.2007). There are no exclusions for civil service retirement accounts under state or federal law. *Moen v. Moen,* 140 S.W.3d 611, 615 (Mo.App.2004). "[F]ederal laws expressly allow civil service benefits to be treated as marital property in dissolution proceedings. 5 U.S.C. 8345(j) and 8341(h)." *Id.*

With few exceptions, the trial court did not identify assets it undertook to distrib-

ute as marital or non-marital property. The judgment addressed retirement funds as follows:

> [E]ach party is hereby awarded as his or her sole and separate property, all assets of any retirement fund or any employment pension to which he or she is either now receiving or may become entitled to receive in the future, free and clear of the claims of the other party. [Husband] is awarded all right[,] title and interest in his civil service retirement pension.

No value was assigned to any retirement fund or pension; neither was it designated marital or non-marital property.

A similar situation existed in *In re Marriage of Elliott*, 179 S.W.3d 323 (Mo.App. 2005). This court explained the dilemma this presents as follows.

> Section 452.330[1] directs courts to set aside nonmarital property and divide marital property. This statute has been interpreted to mandate findings by the trial court as to what property was considered nonmarital and what property was considered marital. *Oetterer [v. Oetterer]*, 60 S.W.3d [48] at 52 [ (Mo.App. 2001) ]. The trial court did not completely do so in this case. This failure leaves us unable to decide Wife's claim that the allocation of the marital estate was unjust. As a result, we are constrained to grant Wife's [claim of error]. Accordingly, the portion of the judgment relating to the division of property, including [a debt identified by the person to whom owed], is reversed and the case is remanded for further proceedings consistent with this opinion.

*Id.* at 328.

As in *Elliott*, this court is constrained to grant Point III in that the trial court failed to identify husband's civil service retirement benefits as marital or non-marital property and failed to value that asset. Furthermore, the trial court's failure to identify other property as marital or non-marital property, and its failure to value that property, prevents appellate review of the claim that the trial court's distribution of marital property was unjust.

Point III is granted. The portion of the judgment relating to setting over non-marital property and distributing marital property must be reversed and the case remanded for further proceedings. On remand the trial court is instructed to determine with particularity what property is marital and what property is non-marital and to value the property that falls within each classification of property.

Point IV contends the trial court erred in not awarding wife maintenance. As with respect to Point III, this court is unable to review wife's claim in that an award of maintenance is closely linked to the division of marital property.

> The division of marital property is inexorably connected with the issue of entitlement to maintenance by reason of § 452.335.1(1)[2] which requires a finding that the spouse seeking maintenance lacks sufficient property, including marital property apportioned to that party, to meet his or her reasonable needs before an award of maintenance may be ordered. *In re Marriage of Cochran*, 840 S.W.2d 876, 880 (Mo.App. S.D.1992).

*In re Marriage of Irions*, 988 S.W.2d 62, 68 (Mo.App.1999). The denial of maintenance for wife must be set aside and con-

---

1. References to statutes are to RSMo 2000 unless stated otherwise.

2. Although *Irions* was decided prior to the date of the current revision of Missouri statutes, § 452.335.1, RSMo 2000, is the same as the revision in effect at the time of *Irions*.

sidered on remand following determination of the property distribution between the parties. To the extent that the denial of maintenance for wife must be reviewed by the trial court, Point IV is granted.

Point I argues that the trial court erred "because the judgment failed to completely divide marital property and debt in that the trial court heard evidence of marital debt, and property that are not contained in the judgment itself." Because the trial court will be required to revisit the classification of the parties' property on remand, this issue can be addressed and, in the event there was property not addressed in the judgment, it can be done at that time. Point I is, therefore, moot.

■ Point II contends the trial court designated the real estate at Licking, Missouri, marital property; that this was error "in that the evidence presented supported a finding that the property was the separate property of the [wife]." Because the classification of the Licking property may arise on remand, Point II will be addressed.

The judgment does not identify the Licking, Missouri, property as marital or non-marital property. A handwritten docket entry is included in the legal file, however, that states "the Licking property is marital property." The judgment provides that wife "is awarded as her sole and separate property, free of the claims of [husband], all right, title and interest in the real property located in Texas County, Missouri. . . ." A legal description of the real estate is attached and made a part of the judgment by reference.

The Licking property was acquired in three separate transactions. Wife purchased the original two-acre tract with funds she inherited from her father's first wife. Approximately 60 acres was conveyed by wife's mother to wife, individually, by warranty deed as a gift. Wife's claim that the Licking property was non-

marital property appears to be directed to the 60 acres that were conveyed by wife's mother. Her claim fails, however, in that she subsequently "put [husband's] name" on the deed.

■ "The presumption that non-marital property has been transmuted to marital property arises where a spouse's name has been added to the title." *D.K.H. v. L.R.G.*, 102 S.W.3d 93, 99 (Mo.App.2003). Later self-serving testimony that a gift was not intended is entitled to little weight. *Stephens v. Stephens*, 842 S.W.2d 909, 914 (Mo.App.1992). "When characterizations of property as marital or separate rest on an assessment of witness credibility, this court defers to the trial court's determination of that credibility." *Beckham v. Beckham*, 41 S.W.3d 908, 911–12 (Mo.App.2001). Point II is denied.

The property award and the denial of maintenance to wife are reversed. The case is remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

BATES and SCOTT, JJ., concur.