Joe Venton JENKINS, Respondent,

v.

Evelyn Sue JENKINS, Appellant.

No. WD 75800.

Missouri Court of Appeals, Western District.

Aug. 27, 2013.

920

Edward J. Houlehan, Kansas City, MO, for Respondent.

Karl Timmerman, Holden, MO, Ron Ribaudo, St. Louis, MO, for Appellant.

Before Division Two: THOMAS H. NEWTON, Presiding Judge, and KAREN KING MITCHELL and GARY D. WITT, Judges.

KAREN KING MITCHELL, Judge.

Evelyn Sue Jenkins (Wife) appeals the trial court's judgment dissolving her marriage to Joe Venton Jenkins (Husband) and dividing their marital property. She argues that the trial court erred by dividing the marital property disproportionately. She further argues that the equalization payment Husband was ordered to pay failed to truly equalize the disproportionate property division. Because Wife's challenge to the division of property is barred by the law of the case doctrine and we find no error in the court-ordered equalization payment, we affirm the judgment of the trial court.

## Factual and Procedural Background

This is the second time this case has been appealed to this Court. In the first appeal, when addressing the propriety of the trial court's original division of marital property, we affirmed in part and reversed in part. We then remanded the case with instructions. *Jenkins v. Jenkins,* 368 S.W.3d 363, 370 (Mo.App.W.D.2012) (*Jenkins I* ). The factual background is provided in greater detail in *Jenkins I.*

Husband and Wife married in 2002 and separated in 2009. When they married, Husband was seventy-eight years old and Wife was fifty-nine years old. The parties have no children in common. Before the marriage, Husband had approximately $235,000.00 in assets, including a 40–acre farm, and minimal debt. Wife had approximately $6,000.00 in assets and over $13,000.00 in debt. Husband and Wife lived on the farm together, and, after the marriage, Husband added Wife's name to the title. In 2007, Wife informed Husband that she wanted to sell the farm and move and that, if he did not agree to this, a separation was inevitable. Husband and Wife did not sell the farm or move, and in October 2009, Wife left Husband and moved to Texas. Husband filed a petition for dissolution of marriage in May 2010, and Wife filed a counter-petition in July 2010. The case proceeded to trial on May 24, 2011.

In the trial court's first judgment, dated June 20, 2011, Wife received an award of marital property valued at $53,170.00, and Husband received an award of marital property valued at $233,040.00. Husband's award included the 40–acre farm valued at $185,000.00. Wife appealed the first judgment to this Court. After deter-

mining that Wife's wedding rings were erroneously characterized as marital property, we remanded the case with instructions "to award the wedding rings to [Wife] as nonmarital property and to adjust the marital property division as the trial court [found] reasonable under the evidence." [1] *Id.* at 365.

On remand, the trial court received no new evidence, but, pursuant to this Court's mandate, the trial court issued a new judgment on October 1, 2012. The new judgment characterized the wedding rings as Wife's nonmarital property and ordered Husband to pay a $4,000.00 equalization payment to Wife. [2] In all other respects, the findings and marital property division in the new judgment were identical to the first judgment. The total value of the marital property divided between the parties was $286,210.00, with Wife receiving 19% and Husband receiving 81%. Wife now appeals the new judgment.

## Standard of Review

We will "affirm the trial court's decision 'unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.' " *Jenkins I,* 368 S.W.3d at 366–67 (quoting *Selby v. Selby,* 149 S.W.3d 472, 482 (Mo.App.W.D.2004)). "All evidence and the reasonable inferences drawn therefrom are viewed in the light most favorable to the court's decision[,] and we [will] disregard contrary evidence." *Id.* at 367. Moreover, we defer to the trial court's determinations of credibility, and the trial court is free to believe all, some, or none of any witness's testimony, and it may disbelieve uncontradicted testimony.

---

1. The remand instructions from *Jenkins I* are discussed in greater detail *infra.*

2. There was evidence presented at the first trial that the wedding rings had a value of $3,800.00 to $4,000.00.

*Nelson v. Nelson,* 25 S.W.3d 511, 518 (Mo. App.W.D.2000).

## Analysis

Wife raises two points in this appeal. First, she argues that the trial court erred in disproportionately dividing the marital property in favor of Husband in that the division was not supported either by the factors set forth in section 452.330.1 [3] or by any other non-statutory factors. Second, she argues that the $4,000.00 equalization payment the court ordered Husband to pay to Wife was insufficient to truly equalize the disproportionate property division.

**A. Wife's challenge to the division of marital property is barred by the law of the case doctrine.**

■ Husband argues that Wife's challenge to the disproportionate division of marital property is barred by the law of the case doctrine insofar as the issue of property division was raised or could have been raised in *Jenkins I.* Specifically, Husband argues that Wife challenged the disproportionate distribution of marital property in *Jenkins I,* her challenge was denied, and, therefore, her assertion of the same argument in this appeal is precluded. We agree with Husband.

■ " 'The doctrine of the law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal.' " *Walton v. City of Berkeley,* 223 S.W.3d 126, 128–29 (Mo. banc 2007) (quoting *State ex rel. Alma Tel. Co. v. Pub. Serv. Comm'n,* 40 S.W.3d 381, 388 (Mo.App.W.D.2001)). This doctrine governs successive cases that involve the same facts and issues, and it "[e]nsures uniformity of decisions, protects the parties' expectations, and promotes ju-

dicial economy." *Id.* at 129. " 'The decision of a court is the law of the case for all points presented and decided, *as well as all matters that arose before the first adjudication and might have been raised but were not.*' " *Williams v. Kimes,* 25 S.W.3d 150, 154 (Mo. banc 2000) (emphasis added) (quoting *State v. Johnson,* 22 S.W.3d 183, 189 (Mo. banc 2000)). " '[F]ailure to raise points in a prior appeal means that a court later hearing the case need not consider them.' " *Id.* (quoting *Johnson,* 22 S.W.3d at 189).

In *Jenkins I,* Wife claimed that the trial court failed to make adequate findings of fact pursuant to Rule 73.01(c), "that the trial court erroneously found that she committed misconduct to justify its distribution of marital property," and that the trial court erred in characterizing the farm and wedding rings as marital property. *Jenkins I,* 368 S.W.3d at 367. Although Wife challenged the trial court's alleged finding of misconduct and the disproportionate division of property, the portion of her claim related to the property division could not be decided on the merits because Wife failed to provide a sufficient record for this Court to determine the value of the marital property awarded to each party. *Id.* at 370; Rule 81.12. We noted that, pursuant to Rule 81.12(c), "[i]t is the appellant's duty to provide the record on appeal" and that, "[w]here the record does not include all of the 'documents necessary for this court to determine the issue presented, our review is impossible and the claim of error must be dismissed.' " *Id.* (quoting *Wallace v. Wallace,* 269 S.W.3d 469, 478 (Mo.App.E.D.2008)). Thus, although we held that there was no finding of misconduct by the trial court, we denied Wife's claim related to the disproportionate dis-

---

**3.** All statutory references are to the Missouri Revised Statutes 2000, as updated through the 2012 Cumulative Supplement, unless otherwise noted.

tribution of marital property without reaching its merits, *id.*, because "[t]he failure to substantially comply with Rule[ ] 81.12 ... preserve[s] nothing for review." *In re Marriage of Weinshenker*, 177 S.W.3d 859, 864 (Mo.App.E.D.2005).

In *Jenkins I*, we also held that the farm was properly characterized as marital property, that the wedding rings should have been characterized as Wife's nonmarital property, and that Wife failed to preserve her claim related to the trial court's factual findings due to her failure to file a post-trial motion pursuant to Rule 78.07(c). 368 S.W.3d at 368–70. Because of the trial court's error in characterizing the wedding rings as marital property, the case was remanded with the following instructions: "We remand to the trial court to award the wedding rings to [Wife] as nonmarital property and to adjust the marital property division as the trial court finds reasonable under the evidence." *Id.* at 365. In all other respects, the judgment of the trial court was affirmed. *Id.*

 A mandate from the appellate court "defines the scope of the trial court's authority on remand." *Bryant v. Bryant*, 351 S.W.3d 681, 687 (Mo.App.E.D.2011). The mandate communicates the judgment to the trial court, "and the opinion, which is a part thereof, serves in an interpretative function." *Pope v. Ray*, 298 S.W.3d 53, 57 (Mo.App.W.D.2009). Thus, "[w]hen determining its authority on remand, the trial court should be guided [not only] by the mandate, but also by the opinion and result contemplated by the appellate court." *Bryant*, 351 S.W.3d at 687. A general remand " 'does not provide specific direction [to the trial court] and leaves all issues open to consideration in the new trial.' " *Id.* (quoting *Guidry v. Charter Commc'ns, Inc.*, 308 S.W.3d 765, 768 (Mo. App.E.D.2010)). A remand with instructions, on the other hand, " 'requires the

trial court to enter a judgment in conformity with the mandate.' " *Id.* (quoting *Guidry*, 308 S.W.3d at 768). If a mandate contains specific instructions, the trial court " 'is duty-bound to render a judgment that strictly conforms to the mandate[,]' and it lacks the authority to 'modify, alter, amend or otherwise depart from those directions.' " *Id.* (quoting *Pope*, 298 S.W.3d at 57).

In *Jenkins I*, we remanded only one of the points Wife raised on appeal, and we did so with specific instructions; thus, the trial court's new judgment had to conform to that mandate. On remand, the trial court awarded the wedding rings to Wife as nonmarital property and ordered Husband to make an equalization payment of $4,000.00 (the value of the wedding rings) to Wife. The remaining marital property division was left unaltered.

Because the law of the case doctrine bars relitigation of issues that *could* have been raised in a previous appeal, it must also bar relitigation of a claim that was raised but not reached in the first appeal due to an error committed by the appellant that rendered the claim unpreserved under Rule 81.12. To hold otherwise would create an absurd result, as it would allow a party a second opportunity to litigate a claim when it was that party's own error that precluded resolution on the merits of the claim in the first instance. Under the facts of this case, we see no reason why the law of the case doctrine should dictate a different result merely because Wife failed to preserve, rather than raise, her claim regarding the allegedly unequal distribution of marital property in the first appeal.

 Appellate courts " 'have discretion to consider an issue [despite the law of the case doctrine] where there is a mistake, a manifest injustice, or an intervening change of law,' " *Williams*, 25 S.W.3d at

154 (quoting *Johnson*, 22 S.W.3d at 189), or "'where the issues or evidence on remand are substantially different from those vital to the first adjudication and judgment.'" *Walton*, 223 S.W.3d at 130 (quoting *Alma Tel.*, 40 S.W.3d at 388). Although the law of the case doctrine is not absolute, it "is important because it protects the parties' expectations and promotes uniformity of decisions." *Id.* at 131. "It can advance these goals only if it applies nearly all of the time, and [the court's] discretion to disregard it is exercised only in rare and compelling situations. . . ." *Id.* None of the cited exceptions apply here. Wife does not claim the first judgment was based on a mistake of fact, resulted in a manifest injustice,[4] or that the law has changed, and no new evidence was presented on remand.[5]

The case was remanded solely because of the trial court's error in characterizing the wedding rings as marital property. Had this error not occurred, there would have been no remand, and Wife would not have had a second opportunity to challenge the disproportionate property division. Because Wife could have properly preserved and raised the claim of disproportionate division of marital property in *Jenkins I*, but failed to do so, she is barred by the law of the case doctrine from relitigating that claim in this appeal.

Point I is denied.

**B. The trial court did not err in ordering a $4,000.00 equalization payment to Wife following the remand in *Jenkins I*.**

 In Wife's second point on appeal, she argues that the trial court erred in its disproportionate division of marital property because the trial court's characterization of the payment of an additional $4,000.00 to Wife as an "equalization" payment reflects the trial court's intention to actually equalize the previous disproportionate division. Wife asserts that the equalization payment would not, in fact, equalize the distribution unless the 40–acre farm was considered to be Husband's nonmarital property. Wife relies heavily on language in the new judgment, indicating that the trial court was awarding Wife $4,000.00, payable by Husband, "to equalize distribution of [the] assets." Wife's reliance on the court's use of the word, "equalize," however, is misplaced, as she misconstrues the purpose of an equalization payment.

 The division of marital property is reviewed for an abuse of discretion and "need not be equal but must be fair and equitable under the circumstances of the case." *Moen v. Moen*, 140 S.W.3d 611, 613 (Mo.App.W.D.2004). We presume that the division is correct, "and the party opposing the division bears the burden of overcoming this presumption." *Id.* An "equalization" payment is awarded by the

4. Wife claims the distribution of property was one-sided and was not supported by the law. But, the unequal distribution of marital property appears to have resulted from the trial court awarding Husband the farm valued at $185,000.00. Pursuant to section 452.330.1(2), one factor that the court may consider in the division of marital property is "[t]he contribution of each spouse to the acquisition of the marital property." Here, the farm had been in Husband's family for years and he had personally acquired the farm before the marriage. Thus, awarding the farm to Husband was within the trial court's discretion and did not result in a manifest injustice.

5. On remand, both Husband and Wife provided the trial court with a letter summarizing their positions regarding the value of various marital assets. However, the letters referred to evidence presented at the first trial, and no new evidence was presented to the trial court on remand.

trial court "to make the division more *equitable*," but not necessarily equal. *See id.* at 614 (emphasis added) (finding no abuse of discretion in husband receiving 85% and wife receiving 15% of the marital property, where husband was ordered to provide an equalization payment, and the court factored in the parties' relative contributions to acquiring the marital assets).

Here, we find no error in the trial court's order providing for a $4,000.00 equalization payment. On remand, we directed the trial court to correct the mischaracterization of Wife's wedding rings as marital property and to adjust the marital property division as it found reasonable upon recharacterization of the rings. That is exactly what the trial court did. Contrary to Wife's assumption, the trial court was not attempting to make the distribution mathematically equal.[6]

Point II is denied.

### Conclusion

Wife's claim that the trial court erred in its disproportionate division of marital property is barred by the law of the case doctrine, and because the property division must be only equitable, and not necessarily equal, we find no error in the trial court's order directing Husband to pay Wife an equalization payment of $4,000.00. The judgment is affirmed.

THOMAS H. NEWTON, Presiding Judge, and GARY D. WITT, Judge, concur.

---

6. Had the property that was initially mischaracterized as marital property (the wedding rings) represented a greater portion of the property divided by the court, it is possible that the remand to recharacterize the property as nonmarital would have required a complete reworking of the property distribution, and thus reopened the broader question of disproportionate distribution. But that is not the case here.