

In the

Missouri Court of Appeals

Western District

JOSEPH C. DERLETH,

                **Appellant,**

**v.**

**JAMIE L. DERLETH AND STATE OF MISSOURI,**

                **Respondents.**

**WD76634**

**OPINION FILED:**

**May 13, 2014**

---

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Patrick William Campbell, Judge**

**Before Division One Joseph M. Ellis, PJ., Karen King Mitchell,
Anthony Rex Gabbert, JJ.**

Joseph C. Derleth[1] appeals the circuit court's judgment affirming an administrative decision of the Family Support Division which concluded that Derleth's child support arrears totaled $13,139.06 as of January 30, 2009. This judgment stemmed from Derleth's petition for judicial review contesting the Division's child support arrearage calculation which Derleth argues erroneously led to garnishment of his bank funds in the amount of $6,872.06 and a tax intercept in the amount of $1,928.00. Derleth asserts five points on appeal. First, he claims that the circuit court erred in determining that his funds were correctly seized based on the Division's arrearage calculation because the court misapplied the law in finding that collateral estoppel

---

[1]Joseph C. Derleth will hereinafter be referenced as "Derleth," and his former wife, Jamie L. Derleth, will be referenced as "Jamie Derleth."

applied regarding a 1996 order because, pursuant to Section 536.140.2(3)[2]; 536.140.2(4), 536.140.2(6) and 536.140.2(7), the amount of support owed as stated in the 1996 order is an extraneous finding, conflicts with the finding in a 2002 order, and contains a mathematical error. Second, Derleth charges that the circuit court erred in determining the funds were correctly seized because the decision is against the weight of the evidence and fails to consider evidence as required by Section 536.140.2(3) since the evidence overwhelmingly supports a finding of overpayment of child support. Third, Derleth contends that the circuit court erred in determining that the funds were correctly seized because the determination violates Section 536.140.2(6) in that it is a mathematical impossibility to come to the conclusions in the June 1996 order based on the start date in the original 1990 order and considering the number of payments due and the evidence of the number of payments made. Fourth, Derleth argues that the circuit court erred in determining that the funds were correctly seized because the failure to hold a hearing violated Sections 536.140.2(5) and 536.140.3 in that a hearing is allowed and was requested but a judgment was entered without an opportunity to present evidence de novo. Finally, Derleth argues that the circuit court erred in determining that the funds were correctly seized because the court's judgment misapplied the law and violated Section 452.370.1 in that the amounts adjudged due exceed the amounts mathematically due under the July 10, 1990 order and, therefore, the court's ruling modifies the amount of child support due under the 1990 order without finding a substantial and continuing change of circumstances. We affirm.

On January 30, 2009, the Family Support Division issued a Notice of Lien to Financial Institution that notified Derleth and his financial institution of claimed child support arrearages.

---

[2]Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as updated through the 2009 cumulative supplement.

The Division held an administrative hearing at Derleth's request. The hearing officer determined that, as of January 30, 2009, Derleth's child support arrears totaled $13,139.06. This calculation was arrived at by acknowledging that a June 25, 1996 order by the circuit court determined Derleth's arrearage as of that date to be $17,067.00. Using that judicial determination as a starting point, the hearing officer added all child support payments accruing and subtracted all payments credited after June 25, 1996. Derleth filed a timely petition for judicial review with the crux of his argument being that the $17,067.00 figure was a gratuitous finding by the court that was mathematically impossible and, therefore, should not have been the starting point for the Division's calculations. The circuit court affirmed the agency's decision and adopted the agency's administrative order. Derleth appeals.

In an appeal following judicial review of an agency's administrative decision, the appellate court reviews the decision of the agency, not the circuit court. *Schumer v. Lee*, 404 S.W.3d 443, 446 (Mo. App. 2013). Pursuant to Section 536.140.2, we determine whether the action of the agency: (1) is in violation of a constitutional provision, (2) is in excess of the agency's statutory authority or jurisdiction, (3) is unsupported by competent and substantial evidence upon the whole record, (4) is otherwise unauthorized by law, (5) is made upon unlawful procedure or without a fair trial, (6) is arbitrary, capricious, or unreasonable, or (7) involves an abuse of discretion. *Id.*

Derleth's first, second, third, and fifth points on appeal all hinge on the dispositive issue of whether the agency erroneously determined that $17,067.00 was the accurate starting point for the child support arrearage calculations. We find that the agency correctly relied on the circuit court's 1996 order and that Derleth's attempts to negate that order are barred by collateral estoppel.

Collateral estoppel, or issue preclusion, bars relitigation of an issue already decided in a different cause of action. *Rosenberg v. Shostak*, 405 S.W.3d 8, 13 (Mo. App. 2013).

> Collateral estoppel applies when: (1) the issue in the present case is identical to an issue decided in the prior adjudication; (2) the court in the prior adjudication rendered a judgment on the merits; (3) the party against whom collateral estoppel is asserted is the same party or in privity with a party in the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Id.*

Here, Derleth seeks to avoid the arrearage determination made by the circuit court on June 25, 1996, by arguing that the $17,067.00 figure the court arrived at was a "gratuitous" finding. He argues that "[j]ustice and equity demand the Court not turn a blind eye under some tortured theory of collateral estoppel [based on] the gratuitous and mathematically impossible finding which is the only thing which supports the Order in this case." We find no support in the record for Derleth's contention that the $17,067.00 calculation was gratuitous.

In 1996, Jamie Derleth filed a request for garnishment against Derleth for unpaid child support. Derleth filed a motion to quash garnishment alleging that garnishment was against the weight of the evidence and filed documents that he purported established his current child support status. He alleged that "equity requires the intervention of this Court" and requested a hearing "to determine the rights of the parties." In response, Jamie Derleth requested that, because there was a genuine controversy as to the amount of unpaid child support due and owing, the court "conduct a hearing so that the true amount of arrearage may be determined by the court." On June 25, 1996, the parties appeared before the court which entered an order concluding:

> After considering evidence adduced at trial, considering statements made by respective counsel for the parties and after considering all other relevant

4

evidence brought before this court, Petitioner's Motion to Quash Garnishment is hereby overruled and the court has determined that petitioner's current arrearage for unpaid child support for this case and at this time is $17,067.00.

Thus, aside from Jamie Derleth specifically asking the court in 1996 to determine Derleth's child support arrearage after Derleth filed his motion to quash garnishment, the court necessarily had to make a determination as to child support arrearage when Derleth filed his motion alleging that garnishment was against the weight of the evidence. The only way the court could have determined if garnishment was against the weight of the evidence in the amounts of arrearage alleged by Jamie Derleth, and contested by Derleth, was to determine actual arrearage.

Derleth's additional argument that the June 25, 1996 arrearage determination should be ignored as mathematically impossible is barred by collateral estoppel.[3] Derleth was a party to the 1996 litigation and had a full and fair opportunity to litigate the arrearage issue in that suit. Derleth had an opportunity to contest that determination and he did so. After the court entered an Order for Garnishee to Pay into Court and for Court Administrator to Pay Judgment Creditor, Derleth filed Objections to Entry of Order. Derleth contended that the issues before the court were a Motion to Quash Garnishment and, therefore, an order evidencing an exact amount of child support due was outside the pleadings and inappropriate. Derleth also filed Suggestions in Opposition to Motion of Petitioner to Pay Proceeds from Court Registry. Therein Derleth contended that: the court's child support determination was in error, the court allowed impeachment of some child support records by other records which were not the current child support records, the court failed to take into account a 1993 affidavit signed by Jamie Derleth,

---

[3]Insomuch as Derleth's contentions could be considered re-visitation of his 1996 claim for determination of support arrearage, his claims are also barred by the doctrine of res judicata. "Res judicata, or claim preclusion, precludes a party from litigating a claim against another party that has already been litigated." *State ex rel. Sanders v. Martin*, 945 S.W.2d 641, 642 (Mo. App. 1997).

5

the court failed to take into consideration that a previous child support order ended when he and Jamie Derleth remarried, and the court's ruling conflicted with a Division of Family Services IV-D administrative case. On October 5, 1996, Derleth filed a Motion to Set Aside Order for Garnishee to Pay into Court and for Court Administrator to Pay Judgment Creditor due to allegedly having been given inadequate notice of the same. Derleth noticed the matter up for hearing on May 15, 1997. Neither Derleth nor his counsel appeared for the hearing and the court entered an order stating: "Joseph C. Derleth's motion to set aside this court's June 25, 1996, order comes before this court. . . . [T]his court hereby overrules petitioner Joseph C. Derleth's Motion to Set Aside Judgment." Derleth appealed the circuit court's order directing the payment of garnished funds and this court affirmed the circuit court in a memorandum opinion, *Derleth* v. *Derleth*, 963 S.W.2d 484 (Mo. App. 1998).[4]

Additionally, reexamination by this court of the circuit court's 1996 arrearage determination is barred by the law of the case doctrine. "[T]he law of the case doctrine bars relitigaton of issues that could have been raised in a previous appeal[.]" *Jenkins v. Jenkins*, 406 S.W.3d 919, 924 (Mo. App. 2013). The law of the case doctrine governs successive cases that involve the same facts and issues and applies to all points presented and decided as well as all matters that might have been raised but were not. *Id.* at 923. Derleth asks this court to reexamine the circuit court's 1996 determination with the contention that the court's 1996 conclusion is mathematically impossible. As Derleth already had the opportunity to appeal this issue, reexamination is barred. Although appellate courts have the discretion to consider claims

---

[4]"The final judgment for purposes of appeal in a garnishment case is the order directing the court clerk to pay out the garnished funds or property to the judgment creditor." *Estate of Keathley, Matter of*, 934 S.W.2d 611, 614 (Mo. App. 1996). However, an order overruling a motion to quash execution is considered a "special order after final judgment in the cause" pursuant to Section 512.020 and, therefore, the court's order overruling Derleth's motion to quash was independently appealable. *See Otte v. Missouri State Treasurer*, 141 S.W.3d 74, 76 (Mo. App. 2004); *Marriage of Hatch, In re*, 851 S.W.2d 103, 107 (Mo. App. 1993) (overruled on other grounds).

where there is a mistake, manifest injustice, or an intervening change of law, despite the law of the case doctrine, we find none of these present here. *See id.* at 924.

Derleth argues mistake and injustice by narrowly focusing on the 1990 child support order and arguing that the 2009 arrearage determination is a mathematical impossibility. Yet, Derleth acknowledges in his brief that in the 1996 determination "all three child support cases were included [by] the Court on its own motion, *rightly or wrongly* and the Court had the Court Administrator bring before it amounts due in Case No DR87-3415 and DR89-5677" (emphasis added). Derleth states that "[d]uring the period of time of the 1996 Order Jackson County and the State of Missouri attempted to role [*sic*] together all three child support obligations of all three Orders under one administrative obligation[] for purposes of collection and oversight and considered same as one case." This acknowledgement is significant because it severely weakens Derleth's "mathematical impossibility" claim.

Derleth argues a mathematical impossibility of the court's calculations based on being ordered to pay $150 per month child support beginning on July 25, 1990, in his second divorce to Jamie Derleth. Yet, nowhere in Derleth's brief does he discuss that on December 7, 1987, he was ordered to pay $200 per month in his first divorce to Jamie Derleth. The record reflects that Derleth argued to the circuit court in 1996 that the $17,067.00 arrearage determination was wrong, in part because the court failed to take into consideration that his 1987 child support order ended on the date of his remarriage to Jamie Derleth. This suggests arrearages from the December 7, 1987 order that the court included in the 1996 order. It is not for us to question the court's determination 18 years after Derleth had an opportunity to appeal that decision. However, because Derleth insists now that he unjustly suffers from an erroneous 1996

7

calculation, we note *ex gratia* that that court may have had good reason to give continued effect to the 1987 support order.

The record reflects that, although Derleth and Jamie Derleth married in 1987, the couple divorced that same year.[5] After divorcing on December 7, 1987, the couple remarried less than five months later. It was this remarriage that Derleth argued to the court entitled him to relief from the $200 per month 1987 child support order. Yet, the record reflects that less than five months after remarriage, Jamie Derleth applied for Aid to Families with Dependent Children (AFDC) and Child Support Enforcement opened a case against Derleth. Jamie Derleth reported to Child Support Enforcement that, although the couple married in May of 1988, the couple had not lived together since the marriage. While Derleth may have disputed this contention, he did indicate to Support Enforcement on December 14, 1988, that Jamie Derleth was living with her mother. Derleth advised Support Enforcement that he did not believe he should be required to pay State debt incurred by Jamie Derleth because he did not know she was receiving AFDC. Thus, there is no indication in the record that, although Derleth officially remarried Jamie Derleth, he actually provided support to his child upon remarriage.

Therefore, based on the record before us, we find no evidence of a mistake or manifest injustice such as would warrant ignoring the law of the case. If Derleth believed that in 1996 the circuit court "wrongly" consolidated his arrearages from his 1990 divorce decree with arrearages from orders prior to that decree, such as from his 1987 divorce decree and Support Enforcement orders, then 1996 was the time to make those assertions. 18 years later Derleth now attempts to collaterally attack the 1996 judgment by arguing alleged mathematical impossibilities by

---

[5]The couple had only one child and, therefore, the 1987 support order, subsequent Child Support Enforcement orders, and the 1990 support order involved only this child.

8

focusing only on child support that could have accrued under the 1990 order.[6] Derleth's first, second, third, and fifth points on appeal are denied.[7]

In Derleth's fourth point on appeal, he contends that the circuit court erred in determining that his funds were correctly seized because the circuit court's failure to hold a hearing violated Sections 536.140.2(5) and Section 536.140.3, in that a hearing is allowed and was requested but the circuit court's judgment was entered without an opportunity to present evidence de novo. Derleth's argument for this point is that Section 536.140.2(5) implies entitlement to a fair trial and he "was not afforded said opportunity before the Reviewing Court by limiting the inquiry to the 1990 and 1996 Orders and hence same was error." We disagree.

Section 536.140.3 states that when the court is entitled to weigh the evidence and determine the facts for itself, the court "may hear and consider additional evidence if the court finds that such evidence in the exercise of reasonable diligence could not have been produced or was improperly excluded at the hearing before the agency." Thus, the court's consideration of additional evidence is discretionary and dependent upon additional findings. Further, although Derleth does not clearly specify the evidence he intended to present, the evidence he argues throughout his brief that would have changed the trial court's decision is evidence regarding the alleged impropriety of reliance on the 1996 $17,067.00 arrearage calculation. We find that this

---

[6]We additionally note that while Derleth argues that the court's 1996 arrearage determination is against the weight of the evidence because Support Enforcement caseworker Sandra Harrington testified in a deposition on February 28, 1997, that Derleth was overpaid on his child support, Harrington expressly stated in her testimony that she did not include the 1987 child support order in any of her calculations.

[7]Additionally, we find no support for Derleth's contention that the agency's determination conflicts with the finding of a 2002 order. Derleth inexplicably argues that the court's 2002 grant of Derleth's Motion for Sanctions, Motion to Quash, and Motion to Dismiss Jamie Derleth's Motion for Contempt forecloses arrearage determinations. The court dismissed Jamie Derleth's contempt motion for insufficiency of process and failure to state a claim upon which relief could be granted and struck Jamie Derleth's pleadings for failure to comply with discovery requests. The May 14, 2002, order that Derleth references was an order granting attorney fees and makes no mention of support arrearage.

9

evidence would have been irrelevant as Derleth is collaterally estopped from relitigating the issue and any such evidence would have been properly excluded at the hearing before the agency.  Point four is denied.

We conclude, therefore, that the circuit court did not err in affirming the agency's conclusion that collateral estoppel applied regarding a 1996 order pursuant to Section 536.140 because the amount of support owed as stated in the 1996 order was not an extraneous finding, did not conflict with the finding in a 2002 order, and Derleth is precluded from relitigating the circuit court's 1996 calculations.  Second, we find that the circuit court did not err in affirming the agency's determination because the determination is not against the weight of the evidence.  Third, the circuit court did not err in affirming the agency's determination because, in arguing that the agency's determination is a mathematical impossibility, Derleth narrowly focuses on the 1990 order while conceding that arrearages prior to the 1990 order were consolidated into the 1996 arrearage calculation and Derleth is collaterally estopped from relitigating the propriety of the court's 1996 arrearage determination.  Fourth, the circuit court did not err in denying Derleth a hearing as the court's consideration of additional evidence was discretionary and the evidence Derleth sought to present was irrelevant.  Finally, the circuit court did not err in affirming the agency's decision as the decision does not modify the July 10, 1990 order, in violation of Section 452.370.1, because it changes nothing with regard to the 1990 order by honoring the 1996 arrearage determination.  We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge


All concur.

10