

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

ARROWHEAD ACCEPTANCE
CORPORATION,

        Respondent,

        v.

MISSOURI DEPARTMENT OF
SOCIAL SERVICES,

        Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

WD77203

Opinion filed:  September 30, 2014

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**The Honorable Marco A. Roldan, Judge**

Before Division One:  Gary D. Witt, Presiding, Judge,
Joseph M. Ellis, Judge and Thomas H. Newton, Judge

The Department of Social Services ("the Department") appeals from a judgment entered by the Circuit Court of Jackson County ordering the Department to pay garnished funds in the amount of $5,769.92 into the court registry.  The judgment further orders that such funds be paid to Respondent Arrowhead Acceptance Corporation.  For the following reasons, the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

In 2009, Respondent filed a petition against Lavinia Bryer ("Defendant") in the Circuit Court of Jackson County. The trial court subsequently entered a default judgment in favor of Respondent for $4,014.02 plus costs and interest. In order to satisfy the judgment, Respondent sought to garnish Defendant's wages. Thus, Respondent applied for and obtained a writ of garnishment against Defendant's employer, Rean Johnson d/b/a Granny's Pray and Play Child Care Center.

After Johnson failed to garnish Defendant's wages, Respondent sought a judgment against Johnson. On July 22, 2010, the trial court entered a default judgment against Johnson for $4,105.02 plus court costs.

In 2013, Respondent sought to satisfy the judgment against Johnson by applying for a writ of garnishment against the Department. At the time, the Department had entered into an agreement with Johnson d/b/a Granny's Pray and Play Child Care Center in which the Department agreed to pay Johnson for providing child care services to children eligible for state assistance. The garnishment application/order indicates that Respondent requested garnishment of Johnson's "wages" and that the Department should attach all "payments" due to Johnson.

On July 15, 2013, the Department filed a motion to quash the writ of garnishment. In its motion, the Department asserted that the writ must be quashed because garnishment against the State is barred by sovereign immunity. Respondent

2

opposed the motion, averring that the Department waived its sovereign immunity to garnishment pursuant to § 525.310.[1]

On September 3, 2013, the trial court entered an order overruling the Department's motion to quash garnishment. In doing so, the trial court found that "the interests of justice would best be served by denying the motion" because Johnson "is in essence an employee of the state whose salary, earnings, fees and wages are subject to garnishment pursuant to Mo. Rev. Stat. § 525.310."

In November 2013, the Department answered the garnishee interrogatories attached to the writ of garnishment. In doing so, the Department maintained that it was immune from garnishment and that Johnson had never been an employee of the Department. Respondent then filed a motion to compel payment of the garnished funds into the court registry. The Department did not oppose the court ordering the funds be paid into the court registry; however, it requested that the court stay distribution of those funds to Respondent until the matter could be reviewed by this Court.

On December 5, 2013, the trial court sustained Respondent's motion to compel payment of the funds into the court registry and ordered those funds be paid to Respondent. The Department filed a motion to reconsider in which it contended that, pursuant to Rule 90.10(b) and § 525.190, it was entitled to a trial on the matter of whether Johnson is an employee of the Department. Alternatively, the Department requested that the trial court denote its December 5, 2013 order as a judgment.

---

[1] Unless otherwise noted, all statutory citations are to RSMo 2000.

On December 13, 2013, the trial court denied the Department's request for a hearing; however, the trial court did order that its December 5, 2013 order be denoted as a judgment. It further noted that, pursuant to said judgment, the Department "shall pay into the Court Registry the sum of $5,769.92 as funds due on the garnishment and that such funds are to be paid to [Respondent]."[2]

The Department now raises four points on appeal from the trial court's judgment. Our review of this case is governed by the standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). **Ohio v. Mo. State Treasurer**, 130 S.W.3d 742, 743 (Mo. App. E.D. 2004). Thus, "[w]e will uphold the judgment or decree of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Id.* at 744.

In its second and third points, the Department challenges the trial court's finding that Johnson is "in essence" an employee of the State. Our review of the record establishes that there is insufficient evidence to support the trial court's finding.

First, "the garnishor has the burden of proving facts essential to the garnishee's liability." **M.A.B. v. Nicely**, 911 S.W.2d 313, 315 (Mo. App. W.D. 1995). Respondent contends that the Department's liability is established by § 525.310 in that Johnson is an employee of the Department and, therefore, her wages are subject to garnishment. Thus, Respondent bore the burden of proving that Johnson is an employee of the State.

---

[2] "The final judgment for purposes of appeal in a garnishment case is the order directing the court clerk to pay out the garnished funds or property to the judgment creditor." **In re Estate of Keathley**, 934 S.W.2d 611, 614 (Mo. App. E.D. 1996); *see also* **Derleth v. Derleth**, 432 S.W.3d 771, 776 n.4 (Mo. App. W.D. 2014).

Respondent, however, presented no evidence to the trial court establishing that Johnson is a state employee. At the hearing on the Department's motion to quash, Respondent simply argued that Johnson is an employee of the State because she entered into a contract with the Department to provide child care services. Respondent offered no evidence in support of its argument at the hearing; nor did it attach any exhibits establishing Johnson's status as a state employee to its suggestions in opposition to the Department's motion to quash. In fact, Respondent never introduced into evidence the child care provider agreement between Johnson and the Department. Thus, the very agreement upon which Respondent relied to establish that Johnson is a state employee was not before the trial court prior to the court's finding that Johnson is "in essence" a state employee.

It was not until the Department attached the agreement to one of its motions to reconsider that the child care provider agreement was before the trial court. The agreement constitutes the only evidence in the record as to the relationship between Johnson and the Department. Nowhere in the agreement, however, is Johnson deemed an employee of the Department. Rather, the agreement states that "[t]his document is an offer to contract with the State of Missouri as a Child Care Provider to offer services to authorized clients of the Department of Social Services[.]" Therefore, the agreement, in and of itself, is insufficient to establish Johnson as an employee of the State.

Accordingly, Respondent presented no evidence to the trial court regarding Johnson's status as a state employee. And aside from the child care provider

5

agreement, the record is devoid of any evidence to support the trial court's finding that Johnson is "in essence" a state employee. Thus, it follows that Respondent failed to present substantial evidence that Johnson is a state employee and, thereby, failed to carry its burden of establishing the Department's liability as the garnishee.[3] *See **Edgar v. Ruma***, 823 S.W.2d 59, 61 (Mo. App. E.D. 1991) (finding that because the garnishor failed to meet its burden of establishing the garnishee's liability on the basis that a fraudulent transfer occurred, there was no substantial evidence to support the garnishment judgment).

Secondly, despite Respondent's reliance on § 525.310, Respondent did not seek relief under the statute. In 2013, Respondent filed an application for a writ of garnishment against the Department. At that time, § 525.310.1 provided:

> When a judgment has been rendered against an officer, appointee or employee of the state of Missouri, or any municipal corporation or other political subdivision of the state, the judgment creditor, or his attorney or agent, may file in the office of the clerk of the court before whom the judgment was rendered, an application setting forth such facts, and that the judgment debtor is employed by the state, or a municipal corporation or other political subdivision of the state, with the name of the department of state or the municipal corporation or other political subdivision of the state which employs the judgment debtor, and the name of the treasurer, or the name and title of the paying, disbursing or auditing officer of the state, municipal corporation or other political subdivision of the state, charged with the duty of payment or audit of such salary, wages, fees or earnings of such employee, and upon the filing of such application the clerk shall issue a ***writ of sequestration*** directed to the sheriff or other officer authorized to execute writs in the county in which such paying, disbursing or auditing officer may be found and the sheriff or other officer to whom the writ is directed shall serve a true copy thereof upon such

---

[3] It should be noted that Respondent opposed the trial court conducting a hearing about whether Johnson is a state employee based upon its belief that the issue had already been sufficiently addressed in the hearing on the Department's motion to quash.

paying, disbursing or auditing officer named therein, which shall have the effect of attaching any and all salary, wages, fees or earnings of the judgment debtor, which are not made exempt by virtue of the exemption statutes of this state and are not in excess of the amount due on the judgment and costs, then due and payable, from the date of the writ to the return day thereof.

(Emphasis added). Thus, § 525.310, as in effect in 2013, subjected the compensation of state employees to *writs of sequestration*, not garnishment.[4] Respondent's reliance on § 525.310, therefore, is misplaced.

Accordingly, because there is no substantial evidence to support it, we must reverse the trial court's judgment ordering the Department to pay $5,769.92 in garnished funds to the court registry, and we remand the case with instructions to the trial court to enter judgment in favor of the Department.[5]

_____
Joseph M. Ellis, Judge

All concur.

---

[4] As noted by the parties at oral argument, the legislature amended § 525.310 in July of 2014 to permit garnishment of state employees' wages, salaries, and earnings. **H.B. 1231** (2014) ("Pay of any officer, appointee, or employee of the state of Missouri, or any municipal corporation or other political subdivision of the state, shall be subject to garnishment to the same extent as in any other garnishment. All garnishments against such employee shall proceed in the same manner as any other garnishment."). H.B. 1231 does not become effective until January 15, 2015.

[5] Due to our disposition of points II and III, we need not address the Department's remaining two points on appeal.